**UNITED STATES of America, Appellee,**

v.

**Samuel PETTY, Appellant.**

No. 85–2348.

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1987.

Decided Sept. 1, 1987.

participate in this decision.

Donald V. Morano, Chicago, Ill., for appellant.

Larry D. Hale, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

This matter comes before the court on remand from the United States Supreme Court, — U.S. —, 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987). We were directed to reconsider our decision in *United States v. Petty*, 798 F.2d 1157 (8th Cir.1986), in light of the position asserted by the Solicitor General in his brief filed April 13, 1987, on petition for a writ of certiorari.

In his brief, the Solicitor General opined that the court erred in applying the enhanced sentencing provision of the Armed Career Criminal Act of 1984, 18 U.S.C.App. § 1202(a)(1) (Supp.1984), to Petty for possession of a firearm by a convicted felon, because Petty did not have "three previous convictions * * * for robbery or burglary" as required by the statute. Petty had previously been convicted of armed robbery in Missouri and on six counts of armed robbery in New York stemming from his simultaneous robbery of six individuals at a restaurant. The Solicitor General argued that the court's characterization of Petty's convictions in New York as more than one conviction, for purposes of the enhanced sentencing statute, was error. He noted that the legislative history strongly supports the conclusion that the statute was intended to reach multiple criminal episodes that were distinct in time, not multiple felony convictions arising out of a single criminal episode.

Based upon the Solicitor General's brief, Petty argues that this court must vacate the 22–year enhanced sentence he received under section 1202(a)(1) for possession of a firearm by a convicted felon, and remand the case for resentencing on that count. In addition, Petty argues that this court should remand the case for a "full-blown resentencing" on the remaining counts. Petty also argues that the case must be remanded to someone other than the original sentencing judge.

The government agrees that the case should be remanded for resentencing as to Count III of the indictment, i.e., possession of a firearm by a convicted felon, because Petty still faces a sentence on that count under 18 U.S.C.App. § 1202(a), notwithstanding the nonapplicability of the enhancement provisions. The government disagrees, however, with appellant's arguments that this court should order resentencing on the remaining counts and that the case must be remanded to someone other than the original sentencing judge.

Having carefully considered the Supreme Court's order, the brief of the Solicitor General and the parties' arguments, we conclude that the 22–year enhanced sentence for possession of a firearm by a convicted felon, imposed by the district court under 18 U.S.C.App. § 1202(a), should be vacated and the case remanded to the original trial judge for resentencing only as to Count III of the indictment. Count III appears to have been considered separate and apart from the other counts, and for that reason resentencing only as to Count III should not prejudice the appellant. Reassignment of the case to another judge is also unnecessary as we believe the original trial judge will be able to disregard the additional prior convictions he previously considered during the original sentencing.

Reversed and remanded.