UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael C. WICKS,
Defendant–Appellant.

No. 87–3010.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 1987.

Decided Nov. 27, 1987.

Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, Or., for defendant-appellant.

Frank Noonan, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before WRIGHT, WALLACE and PREGERSON, Circuit Judges.

PER CURIAM:

Wicks appeals from his conviction for felony possession of a firearm under the Armed Career Criminal Act of 1984, 18 U.S.C. App. 1202(a) (repealed 1986). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Wicks was sentenced to 15 years incarceration under section 1202(a), which provides in part that:

[i]n the case of a person who receives, possesses, or transports in commerce ... any firearm and who has three previous convictions by [a court of the United States or of a State or any political subdivision thereof] for robbery or burglary ... such person shall be ... imprisoned not less than fifteen years....

Wicks contends that his conviction under the statute is invalid because two of his three predicate burglary convictions resulted from burglaries that occurred on the same night (though at different locations), that were prosecuted together, and that resulted in concurrent sentences. He argues that it is inappropriate to apply the statute to a person in his position because the statute was designed to treat the problem of career criminals and career criminals are criminals who "have failed in rehabilitation after three successive prosecutions." He contends that no rehabilitation was possible between the two burglaries which were committed on the same day and resulted in concurrent sentences imposed at the same time. Thus, Wicks concludes, these two burglaries cannot be considered as two predicate convictions under the statute. We review questions of statutory interpretation de novo. *Mobil Sales & Supply Corp. v. Panamax Venus*, 804 F.2d 541, 542 (9th Cir.1986) (*Mobil*).

■ When we interpret a statute, the starting point must be the language of the statute itself. *Lewis v. United States*, 445 U.S. 55, 60, 100 S.Ct. 915, 918, 63 L.Ed.2d 198 (1980) (*Lewis*). Section 1202(a) refers to "a person ... who has three previous convictions ... for robbery or burglary." As the Supreme Court pointed out in *Lewis*, "[n]o modifier is present" in the relevant portion of section 1202(a), "and nothing suggests any restriction on the scope of the term 'convicted.'" *Lewis*, 445 U.S. at 60, 100 S.Ct. at 918. The plain language of the statute contradicts Wicks's contention; the language encompasses any person with three predicate convictions, whenever obtained. We hold therefore that Wicks's conviction under the statute was not error. To Wicks's contention that this result is anomalous because simultaneous convictions do not evidence "career" criminality, we respond that "if one must ignore the plain language of a statute to avoid a possibly anomalous result, ' "[t]he short answer is that Congress did not write the statute that way." ' " *North Carolina Department of Transportation v. Crest Street Community Council, Inc.*, — U.S. —, 107 S.Ct. 336, 341, 93 L.Ed.2d 188 (1986), *quoting Garcia v. United States*, 469 U.S. 70, 79, 104 S.Ct. 296 (1984), *quoting Russello v. United States*, 464 U.S. 16, 23, 105 S.Ct. 479, 485, 83 L.Ed.2d 472 (1983).

■ Wicks also contends that the legislative history of section 1202 supports his interpretation of the statute. Resort to the legislative history is neither necessary nor appropriate in this case. "Unless exceptional circumstances dictate otherwise, 'when we find the terms of a statute unambiguous, judicial inquiry is complete.'" *Burlington Northern Railroad Co. v. Oklahoma Tax Commission*, — U.S. —, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987), *quoting Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981). We find no exceptional circumstances here. "[W]e look first to the statutory language and then to the legislative history *if the statutory language is unclear.*" *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 184 n. 29, 98 S.Ct. 2279, n. 29, 57 L.Ed.2d 117 (1978) (emphasis added); *see also Blum v. Stenson*, 465 U.S.

886, 896, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); *Mobil,* 804 F.2d at 542. The statutory language is clear. But even if it was not, the legislative history is not inconsistent with the plain meaning of the statute. The Report of the House Committee on the Judiciary indicates that section 1202(a) was directed at repeat offenders and "the most serious offenders in a locality." H.R.Rep. No. 1073, 98th Cong., 2d Sess., 3 (1984), *reprinted in* 1984 U.S.Code Cong. & Admin. News 3661, 3663.

> Most robberies and burglaries are committed by career criminals. A high percentage of robberies and burglaries are committed by a limited number of repeat offenders. Many commit scores of offenses.... [T]he majority of these offenses are committed by career criminals.

This history tracks the statutory language.

The dissent relies on *United States v. Petty,* 828 F.2d 2 (8th Cir.1987) (*Petty*), to reach the conclusion that Congress did not intend section 1202(a) "to apply to individuals like Wicks who received two out of three convictions for two acts of burglary occurring on the same night." Dissent at 194–195. We disagree.

In *Petty,* the Eighth Circuit held that a defendant's six convictions for six armed robberies committed simultaneously were insufficient to justify imposing an enhanced sentence under section 1202(a). *Petty* expressly recognized the distinction, however, between convictions for simultaneous robberies and convictions for robberies distinct in time. The court stated that it accepted the Solicitor General's argument that section 1202(a) "was intended to reach multiple criminal episodes that were distinct in time...." Undeniably, Wicks, unlike Petty, committed two burglaries at two different places at two different times. *Petty* does not require that we reach a contrary result.

AFFIRMED.

PREGERSON, Circuit Judge, dissenting:

I dissent. I believe that in this case the Armed Career Criminal Act's requirement of "three convictions" is not satisfied because two out of Wicks' three convictions were for burglaries occurring on the same night.

Section 1202(a) of the Armed Career Criminal Act of 1984, 18 U.S.C.App. 1202(a) (repealed 1986), provides for a minimum fifteen year sentence for a person who receives, possesses, or transports a firearm and who has "three previous convictions ... for robbery or burglary." The majority finds no ambiguity in this language. The majority follows the dictionary definition of conviction and holds that the language of section 1202(a) "encompasses any person with three predicate convictions, wherever obtained." Majority Opinion at 193.

The majority's approach, in my view, leads to an incorrect result. As Judge Learned Hand stated:

> It is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning.

*Cabell v. Markham,* 148 F.2d 737, 739 (2d Cir.1945), *aff'd,* 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945). Judge Hand's approach is supported by Supreme Court authority. The majority opinion at 193 relies on the following statement by the Supreme Court in *Burlington Northern Co. v. Oklahoma Tax Comm'n,* —— U.S. ——, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987): "Unless exceptional circumstances dictate otherwise, '[w]hen we find the terms of a statute unambiguous, judicial inquiry is complete.'" *Burlington Northern,* 107 S.Ct. at 1860 (quoting *Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981)). The Court also stated in *Burlington Northern* that *"[i]n the absence of a 'clearly expressed legislative intention to the contrary,'* the language of the statute itself 'must ordinarily be regarded as conclusive.'" *Burlington Northern,* 107 S.Ct. at 1860 (quoting *United States v. James,* —— U.S. ——,

106 S.Ct. 3116, 3122, 92 L.Ed.2d 483 (1986)) (emphasis added). Thus, under the Supreme Court's rulings, courts should adhere to the literal language of a statute unless the legislature has made it clear that a contrary meaning was intended.

I believe that section 1202(a) should not be read merely to require three convictions.[1] The legislative history supports a more realistic reading of section 1202(a) than the majority opinion gives it in this case. The legislative history clearly indicates that this section, as part of the Armed Career Criminal Act, was not intended to apply to individuals like Wicks who received two out of three convictions for two acts of burglary occurring on the same night. The title of the Act indicates that it was aimed at career criminals, rather than those who merely commit three punishable acts. Statments made in Congress during consideration of the bill confirm that it was not targeted at individuals who have merely committed three robberies or burglaries. More was required. The bill was directed at individuals who are resistant to society's efforts at rehabilitation. As stated in the Solicitor General's brief filed April 13, 1987, on petition for a writ of certiorari in *Petty*, "the concern of [Department of Justice] officials in their Congressional testimony was with 'hard core recidivist robbers and burglars,' 'repeat offenders,' and 'three-time losers.'" *Id.* at 8, citing, *e.g., Armed Career Criminal Act*, Hearing Before the Subcomm. on Crime of the House Comm. on the Judiciary, 98th Cong., 2d Sess. 47–66 (1984) (testimony of Assistant Attorney General Stephen S. Trott) ("Trott Testimony"); *Armed Career Criminal Act of 1983*, Hearing Before the Senate Comm. on the Judiciary, 98th Cong., 1st Sess. 11, 15, 18–19 (1983) (testimony of Deputy Assistant Attorney General James Knapp).

During a 1984 hearing concerning legislation that would have required two rather than three convictions for an Armed Career Criminal Act violation, Assistant Attorney General Stephen S. Trott stated the following:

> These are people who have demonstrated, by virtue of their definition, that locking them up and letting them go doesn't do any good. They go on again, you lock them up, you let them go, it doesn't do any good, they are back for a third time. At that juncture, we should say, "That's it; time out, it is all over. We, as responsible people, will never give you the opportunity to do this again.

Trott Testimony, *supra*, at 64. Thus, it is clear that section 1202(a) is aimed at recidivists, not at individuals who commit three acts that result in three convictions.

I would follow the lead of the Eighth Circuit in *United States v. Petty*, 828 F.2d 2 (8th Cir.1987), and hold that something more than three convictions is required. In *Petty*, the Eighth Circuit held that defendant's six convictions for six armed robberies committed together against six different persons in a restaurant were insufficient to justify imposing an enhanced sentence under section 1202(a). Here, where two of the three convictions stemmed from burglaries that occurred on the same night, I would hold that section 1202(a) was not intended to, and therefore does not, apply.

---

**1.** The majority implies that the Supreme Court has already ruled on whether the term "convictions" bears any ambiguity for present purposes. Majority Opinion at 193. However, in the case cited by the majority for this point, *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), the Supreme Court found that section 1202(a) is unambiguous only with regard to whether a defendant could challenge the validity of a prior conviction in fighting a section 1202(a) charge. The Supreme Court's ruling in *Lewis* has no bearing on the problem before us in the present case.