UNITED STATES of America

v.

Edwin A. TOWNE.

Crim. No. 86–77–1.

United States District Court,
D. Vermont.

March 7, 1988.

Patti Page, Asst. U.S. Atty., Burlington, Vt., for the U.S.

Stephen Blodgett, Blodgett & Watts, Burlington, Vt., for defendant.

## OPINION AND ORDER

COFFRIN, Chief Judge.

On June 4, 1987, a jury of this court found defendant Edwin A. Towne guilty of seven counts of federal firearms violations. The government has sought enhanced sentencing pursuant to the dangerous special offender statute. 18 U.S.C. § 3575. On December 24, 1987, following an evidentiary hearing on the issue, this court issued an opinion and order finding defendant to be a dangerous special offender subject to increased penalties with respect to his convictions under Counts 1 through 5 of the indictment. We withheld ruling on defendant's dangerous special offender status with respect to his convictions under Counts 6 and 8 pending briefing on whether defendant should be sentenced pursuant to 18 U.S.C. § 924(e)(1) for those convictions. The parties have thoroughly briefed that issue. We now hold that defendant Edwin A. Towne is subject to section 924(e)(1) enhanced sentencing for his convictions under Counts 6 and 8. For that reason, defendant is not subject to section 3575 enhanced sentencing for those convictions. Defendant's conviction under Count 2 is VACATED as redundant.

In Counts 6 and 8, defendant was convicted of possession of a Winchester rifle and an Armi Tanfoglio Giuseppe ("TARGA") .25 caliber pistol in violation of 18 U.S.C. § 922(g)(1), which prohibits the interstate transportation, possession, or receipt of firearms or ammunition by convicted felons. Section 924(a)(1) authorizes a five year term of imprisonment for knowing violations of section 922(g). 18 U.S.C. § 924(a)(1)(B). Section 924(e)(1), on the other hand, requires the sentencing court to impose a term of at least 15 years imprisonment with no parole eligibility where a section 922(g) violator has three previous violent felony convictions. Id. § 924(e)(1). Defendant has four such prior convictions: 1976 New Hampshire convictions for kidnapping and aggravated felonious sexual assault and 1983 Vermont convictions for kidnapping and sexual assault.

The Government argues that the court should sentence defendant under section 924(e)(1) for his Count 6 and Count 8 convictions. Defendant argues that to do so would violate due process, would constitute cruel and unusual punishment, and would be contrary to Congressional intent. We address each of defendant's arguments in turn.

First, defendant mounts a facial attack on section 924(e)(1), arguing that the provision violates due process because it requires a minimum sentence that exceeds the maximum sentence otherwise applicable. We find no merit in this challenge. Defendant rests his entire argument on the Supreme Court's *dictum* in *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). *McMillan* involved a challenge to Pennsylvania's Mandatory Minimum Sentencing Act, which requires the imposition of at least a five year term of imprisonment if the sentencing judge finds by a preponderance of the evidence that the defendant "visibly possessed" a firearm during the commission of an offense. The Court rejected petitioner's contention that due process required the government to prove visible possession beyond a reasonable doubt. In doing so, the Court noted that

[p]etitioner's claim that visible possession under the Pennsylvania statute is "really" an element of the offenses for which they are being punished—that Pennsylvania has in effect defined a new set of upgraded felonies—would have at least more superficial appeal if a finding of visible possession exposed them to greater or additional punishment, but it does not.

*Id.* 106 S.Ct. at 2418 (citation omitted). This gratuitous aside, even coming from the highest authority, cannot support a facial attack on a federal statute. In the absence of any other argument or authority to the contrary, we reject defendant's facial due process challenge.

■ Second, defendant argues that because Congress set no upper limit on section 924(e)(1) sentences, the court could impose a sentence that violated the proportionality requirements of due process and the eighth amendment. This argument is premature. Defendant is entitled to raise it again at sentencing along with specific sentencing recommendations. We note, however, that "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel v. Estelle,* 445 U.S. 263, 272, 100 S.Ct. 1133, 1138, 63 L.Ed.2d 382 (1980) (affirming mandatory life sentence with parole eligibility in twelve years under recidivist statute for obtaining money by false pretenses conviction; present and two prior convictions combined involved theft of $229.11).[1]

Third, defendant argues that due process precludes section 924(e)(1) sentencing because the government did not prosecute him under the provision; rather, the government only indicated intent to pursue enhanced sentencing under section 3575. The court injected the issue of section 924(e)(1) enhancement into the case *sua sponte* in its December 24 Order.

Analysis of section 924(e)(1) requires reference to its history. Section 924(e)(1) is a new statute. Enacted as part of the Armed Career Criminal Act of 1984, the enhancement provision was originally limited to firearms violators with three prior burglary or robbery convictions. Comprehensive Crime Control Act of 1984, ch. XVIII, § 1802, Pub.L. No. 98–473, 98 Stat. 1837, 1976, 2185 (originally codified as 18 U.S.C. app. § 1202(a)). The statute was recodified and amended in 1986, and its scope was expanded to include firearms violators with three prior convictions for any violent felony or serious drug offense. Firearm Owners Protection Act, Pub.L. No. 99–308, § 104, 100 Stat. 499, 456 (1986); Career Criminals Amendment Act of 1986, Pub.L. No. 99–570, § 1102, 100 Stat. 3207, 3239. Unlike section 3575, section 924(e)(1) does not place discretion to seek enhanced sentencing in the hands of the government. Section 924(e)(1) is, by its own terms, mandatory. Nor does the statute impose specific notice procedures.

■ The Constitution does not require pre-trial notice of the possibility of enhanced sentencing for recidivism. Due process requires only reasonable notice and an opportunity to be heard. *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 503–04, 7 L.Ed.2d 446 (1962); *United States v. Rundle,* 318 F.2d 64, 66 (3d Cir.1963); *see also Specht v. Patterson,* 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967) (indeterminate sentence of one day to life upon court's finding that defendant constitutes danger to public, or is habitual offender and mentally ill, violates due process absent notice, full hearing, and specific findings; at hearing, defendant must be present with counsel and must have opportunity to be heard, to confront and cross-examine hostile witnesses, and to offer evidence of his own).

---

1. No single criterion will render a sentence so disproportionate as to violate the eighth amendment. *Solem v. Helm,* 463 U.S. 277, 290 n. 17, 103 S.Ct. 3001, 3010 n. 17, 77 L.Ed.2d 637 (1983). Rather, courts must consider a combination of objective factors, such as the gravity of the offense, the harshness of the penalty, sentences imposed on other criminals in the same jurisdiction, and sentences imposed on criminals for the same crime in other jurisdictions. *Id.* at 290–92; *United States v. Gaggi,* 811 F.2d 47, 63 (2d Cir.), *cert. denied,* — U.S. —, —, 107 S.Ct. 3214, 3233, 96 L.Ed.2d 701 (1987).

Defendant was accorded each of these incidents of due process at the October 20, 1987, dangerous special offender hearing. The only factual predicates to section 924(e)(1) sentencing are a section 922(g) conviction and three prior violent felony convictions. Defendant does not deny that kidnapping and sexual assault qualify as violent felonies. The validity of the prior convictions were directly in issue at the section 3575 proceeding. Defendant had both the opportunity and incentive to attack his prior convictions in that hearing, as they are necessary predicates to section 3575 enhanced sentencing, as well. Moreover, the court accorded defendant over a month to brief the appropriateness of section 924(e)(1) sentencing in this case. Consequently, we find no due process impediments to section 924(e)(1) sentencing. *See United States v. Jackson*, 824 F.2d 21, 22–26 (D.C.Cir.1987) (affirming 20 year enhanced sentence where government apparently first indicated intent to pursue § 1202(a) enhancement at sentencing hearing), *cert. denied,* —— U.S. ——, 108 S.Ct. 715, 98 L.Ed.2d 665 (1988); *cf. United States v. Hawkins*, 811 F.2d 210, 217–20 (3d Cir.) (section 1202(a)'s enhancement provision is sentencing provision rather than separate offense, so defendant need not be indicted or convicted in terms of enhanced offense; need not decide what, if any, notice required for government to seek enhanced sentence as pretrial filing of notice actually provided was adequate), *cert. denied,* —— U.S. ——, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987); *United States v. Gregg*, 803 F.2d 568, 570 (10th Cir.1986) (government's post-indictment filing of "Information Charging Prior Offenses" alleging three prior robbery convictions and intent to seek enhanced sentencing under § 1202(a) did not constitute unlawful amendment of indictment as enhanced sentencing provisions of statute do not create new crime), *cert. denied,* —— U.S. ——, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987). *But see United States v. Davis*, 801 F.2d 754, 755–56 (5th Cir.1986) (court could not convict

and sentence under § 1202(a) enhancement provisions where indictment was not in those terms).

Fourth, defendant argues that defendant's convictions under Counts 2 and 8 for receipt and possession of the same TARGA pistol cannot stand as they describe the same offense. Defendant argues that the court should vacate the Count 8 conviction, which is arguably subject to section 924(e)(1) sentencing, and sentence only on Count 2, which is not.

In Counts 2 and 8, the jury convicted defendant of the illegal receipt and possession of the same pistol on July 27 and December 3 of 1986. If both convictions are based upon a single act, the court can only enter judgment and sentence on one of the convictions. *Ball v. United States,* 470 U.S. 856, 861–64, 105 S.Ct. 1668, 1671–73, 84 L.Ed.2d 740 (1985). The government argues, however, that the evidence could support a finding that defendant relinquished possession of the TARGA within moments after receiving it on July 27, reacquiring it sometime prior to December 3. We need not address whether defendant could be convicted of both receipt and possession under these circumstances. *Cf. id.* at 859 n. 6, 105 S.Ct. at 1670 n. 6. Even if the evidence at trial could support the finding the government posits, the general verdicts rendered on Counts 2 and 8 do not permit the inference that the jury made such a finding. To the contrary, the jury may well have assumed that defendant was in continuous constructive possession of the pistol from the time of its July receipt through December. Thus we conclude that we must vacate one of the potentially redundant convictions.

We may as a matter of discretion vacate either. *Id.* at 864, 105 S.Ct. at 1673. Both Count 2 and Count 8 carry the same five year maximum term, but only Count 8 is even arguably subject to section 924(e)(1). Because we consider a long term of confinement essential in this case, we vacate Count 2 and will sentence on Count 8.[2]

---

2. In finding defendant to be a dangerous special offender with respect to Counts 1 through 5, we relied in part on the number of defendant's

felony convictions and, in particular, on the number of his weapons-related convictions. Our vacation of defendant's Count 2 conviction

Fifth and finally, defendant argues that Congress in enacting section 924(e)(1) only intended it to apply to defendants with three separate prior convictions for unrelated offense behavior. The dangerous special offender statute, for example, only authorizes enhanced sentencing for defendants with two or more prior felony convictions for "offenses committed on occasions different from one another." 18 U.S.C. § 3575(e)(1). Defendant's 1976 kidnapping and aggravated felonious sexual assault convictions, although discrete offenses, were based on a continuous course of offense behavior directed against a single victim and were prosecuted together, as were defendant's 1983 kidnapping and sexual assault convictions. Defendant contends that these two pairs of convictions only constitute two prior convictions for purposes of section 924(e)(1). The government would have us recognize four prior convictions. We adopt the government's construction.

The plain language of section 924(e)(1) provides no support for defendant's position. The statute carefully defines violent felonies and serious drug offenses, *id.* § 924(e)(2), but does not otherwise qualify previous convictions. Thus, under the plain language of the statute, defendant has four prior violent felony convictions. *See United States v. Wicks,* 833 F.2d 192, 193 (9th Cir.1987); *see also Lewis v. United States,* 445 U.S. 55, 60, 100 S.Ct. 915, 918, 63 L.Ed.2d 198 (1980) (construing § 1202(a)(1) prior to amendment adding enhancement provision; "[n]o modifier is present, and nothing suggests any restriction on the scope of the term 'convicted' "); *United States v. Gantt,* 659 F.Supp. 73, 76 (W.D.Pa.1987) (section 1202(a)'s unqualified reference to convictions includes those unconstitutionally obtained, but sixth amendment prohibits enhancement based on prior conviction obtained without counsel). Moreover, section 3575(e)(1)'s careful language proves that Congress could have limited section 924(e)(1) to defendants with

convictions for offenses committed on three separate occasions. It did not.

Despite section 924(e)(1)'s plain language, the Eighth Circuit has somewhat grudgingly enforced defendant's construction of the statute. In *United States v. Petty,* 798 F.2d 1157 (8th Cir.1986), *vacated,* — U.S. —, 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987), the court of appeals affirmed a section 1202(a)(1) enhanced sentence based in part on defendant's conviction in a single indictment of six counts of robbery based on his simultaneous robbery of six individuals. The district court had relied on this conviction for two of the three prior convictions required for enhancement. *Id.* at 1159–60. The Supreme Court granted *certiorari* in part, vacated, and remanded in light of the Solicitor General's brief. *Petty v. United States,* — U.S. —, 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987). The Eighth Circuit on remand summarized the Solicitor General's position:

The Solicitor General argued that the court's characterization of Petty's convictions in New York as more than one conviction, for purposes of the enhanced sentencing statute, was error. He noted that the legislative history strongly supports the conclusion that the statute was intended to reach multiple criminal episodes that were distinct in time, not multiple felony convictions arising out of a single criminal episode.

*United States v. Petty,* 828 F.2d 2, 3 (8th Cir.1987). The government on remand apparently agreed with the Solicitor General. In light of the Solicitor General's and the parties' arguments, the court of appeals vacated the enhanced sentence and remanded for resentencing, but without expressly embracing the Solicitor General's construction of section 924(e)(1). *See id.; see also United States v. Montgomery,* 819 F.2d 847, 850 (8th Cir.1987) (in light of Solicitor General's *Petty* brief, government concedes that convictions for simultaneous robbery of two victims constitutes single conviction for purposes of § 1202(a) enhancement; remand for resentencing in light of government's changed position).

does not, however, in any way affect our judgment that defendant is dangerous for section

3575 purposes.

We see no reason to defer to the Solicitor General's arguments in a factually distinguishable case from a different circuit, especially where those arguments contradict the plain language of the statute. That language is conclusive absent a clearly expressed legislative intent to the contrary. *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 110, 103 S.Ct. 986, 990, 74 L.Ed.2d 845 (1983). The Ninth Circuit in *United States v. Wicks,* 833 F.2d 192 (9th Cir.1987), held that the plain language of section 924(e)(1) rendered unnecessary and inappropriate resort to legislative history to determine the meaning of "previous convictions." "[T]he language encompasses any person with three predicate convictions, whenever obtained." *Id.* at 193. In particular, the Ninth Circuit concluded that the statute authorized enhancement where two of defendant's three predicate convictions resulted from burglaries committed "on the same night (though at different locations), that were prosecuted together, and that resulted in concurrent sentences." *Id. See also United States v. Greene,* 810 F.2d 999, 1000 (11th Cir.1986) (convictions for burglaries of four different buildings at four different locations on four different days satisfied § 1202(a) prior conviction requirement for enhanced sentencing, even where joined in single indictment). *Cf. United States v. Rawlings,* 821 F.2d 1543, 1545 (11th Cir.) (second conviction under 18 U.S.C. § 924(c) triggers that subsection's enhanced penalty provisions, even though included in same indictment as first conviction), *cert. denied,* — U.S. —, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987). We agree with the Ninth Circuit's approach. Accordingly we hold on the basis of the plain language of the statute that defendant's related convictions for kidnapping and sexual assault qualify as separate convictions for section 924(e)(1) enhancement purposes.[3]

---

**3.** Although we consider it unnecessary to resort to section 924(e)(1)'s legislative history, we note that that history is not inconsistent with the statute's application in this case. The Solicitor General's brief relied heavily on the legislative history of the original 1984 Act, which clearly indicated an intent to reach repeat offenders and, in particular, career criminals. *See* H.R. No. 1073, 98th Cong., 2d Sess. 1–3 (1984), *reprinted in* 1984 U.S. Code Cong. & Admin.

Defendant is, therefore, subject to section 924(e)(1) enhanced sentencing with respect to Counts 6 and 8. Consequently, defendant is not subject to dangerous special offender sentencing under section 3575 with respect to those counts, as a period of confinement longer than that provided for by section 924(e)(1) is not "required for the protection of the public from further criminal conduct by defendant." 18 U.S.C. § 3575(f).

## CONCLUSION

Defendant Edwin A. Towne is subject to enhanced sentencing pursuant to 18 U.S.C. § 924(e)(1) for his convictions under Counts 6 and 8 of the indictment. He is not subject to 18 U.S.C. § 3575 enhanced sentencing with respect to those same convictions. Defendant's conviction under Count 2 of the indictment is VACATED. Defendant is ORDERED to appear before the court for sentencing on March 28, 1988, 10:30 a.m.

---

News 3661, 3661–63. Defendant is unquestionably a dangerous repeat offender, as our section 3575 findings make abundantly clear. Admittedly, he does not appear to be a "career" criminal in the sense that he does not appear to have made crime for profit his full time occupation. The 1986 amendments, however, dramatically expanded the Act's scope to encompass far more criminals than the career robbers and burglars originally affected.