UNITED STATES of America,
Plaintiff–Appellee,

v.

Jimmy Lee PEDIGO,
Defendant–Appellant.

No. 87–5953.

United States Court of Appeals,
Sixth Circuit.

Argued March 31, 1988.

Decided July 12, 1989.

George Gleitz (argued), Bowling Green, Ky., for defendant-appellant.

Joseph Whittle, U.S. Atty., Louisville, Ky., Randy Ream, Terry M. Cushing (argued), for plaintiff-appellee.

Before WELLFORD and NORRIS, Circuit Judges, and COOK, District Judge.[*]

JULIAN ABELE COOK, Jr., District Judge.

Jimmy Lee Pedigo appeals from his conviction under the Armed Career Criminal Act of 1984, 18 U.S.C.App. § 1202(a)(1), for which he received the statutory minimum fifteen year sentence.[1] Pedigo claims that

---

[*] The Honorable Julian A. Cook, Jr., United States District Court for the Eastern District of Michigan, sitting by designation.

1. This Act provides that a felon in possession of a weapon, who has three prior convictions for robbery or burglary, shall be sentenced to serve at least fifteen years in prison without parole. The text of the Act reads:

Any person who—
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony ... and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both. In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other

the government never affirmatively established that he had been previously convicted of three robberies or burglaries, as required by the statute.[2] We agree.

The events which led to Pedigo's indictment occurred during the evening of March 11, 1986 and the early morning hours of March 12, 1986. At 11:46 p.m. on March 11, 1986, in Glasgow, Kentucky, police lieutenant Fred Serra received a telephone call from an individual who reported that shots had been fired from a black Chevelle automobile, which allegedly belonged to Pedigo. Shortly after midnight, Serra spotted Pedigo and followed him as he drove to, and eventually parked at, his mother's house. Serra, who had stopped behind the Chevelle, believed that he saw Pedigo throw an object back into the car. Shortly thereafter, Serra focused a flashlight into the Chevelle and saw a handgun on the back seat. On the basis of this discovery, Serra arrested Pedigo for carrying a concealed weapon.

On November 5, 1986, Pedigo was indicted by a federal grand jury in the Western District of Kentucky. Two months later, on January 5, 1987, the government filed a superseding indictment which alleged:

> On or about the 12th day of March, 1986, in the Western District of Kentucky, Barren County, Kentucky, JIMMY LEE PEDIGO, having been convicted on December 12, 1980, in Warren Circuit Court, Bowling Green, Kentucky, of the felony offenses of Burglary in the first degree and Burglary in the second de-

gree and on February 16, 1981, in Allen Circuit Court, Scottsville, Kentucky, of three (3) felony offenses of Burglary in the second degree, did have in his possession a firearm, that is, an Iver Johnson .38 caliber revolver bearing serial number C-7441, which had moved in interstate commerce.

> In violation of Section 1202(a)(1), Title 18, Appendix, United States Code, the Armed Career Criminal Act, Chapter XVIII of the Comprehensive Crime Control Act of 1984.

The gist of Pedigo's argument is that "for a conviction to be had under 18 U.S.C. Sec. 1202, it also would be necessary to show that the offenses were committed on occasions different from one another." Brief of Appellant at 7. He submits that the conviction of an individual who has been found guilty of several crimes, all of which arise out of the same transaction or episode, should be charged with only one prior conviction for purposes of the Armed Career Criminal Act. Pedigo contends that the government should be obligated to show that his Warren County, Kentucky felony convictions in 1980 and his Allen County, Kentucky felony convictions in 1981 arose out of at least three separate criminal episodes.

The government disagrees, contending that, unlike the Special Dangerous Offender Act, 18 U.S.C. § 3575, the Armed Career Criminal Act "contains no such limiting language. Obviously, therefore, Congress

---

provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection. 18 U.S.C.App. § 1202.

**2.** The statute, under which Pedigo was convicted, was repealed on November 16, 1986 and now appears in modified form at 18 U.S.C. § 924(e)(1) (1988). Thus, it seems that the original version of the statute was in effect at the time of the alleged offense (March 12, 1986). Neither party has raised any issue arising from the repeal of the statute. *See* 1 U.S.C. § 109 (providing that the repeal does not retroactively extinguish the penalty unless the repealing statute so provides); *United States v. Gourley,* 835 F.2d 249, 250 n. 1 (10th Cir.1987) (holding that

the repeal of Armed Career Criminal Act did not invalidate indictment when acts charged were committed prior to repeal), *cert. denied,* —— U.S. ——, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988).

In addition, § 7056 of the Anti–Drug Abuse Act of 1988, P.L. 100–690, amended 18 U.S.C. § 924(e)(1) to read:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for violent felony or a serious drug offense, or both, *committed on occasions different from one another,* such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....

(Amendment emphasized). We believe that this addition to § 924(e)(1) supports our disposition in this case.

meant the Armed Career Criminal Act to encompass *all* convictions." Brief of Appellee at 5–6 (emphasis added).

Prior to the date of this decision, the Supreme Court and several appellate courts have rendered decisions that differ from the position which has been advanced by the government in the instant cause. As an example, in *United States v. Petty*, 798 F.2d 1157 (8th Cir.1986), *cert. granted in part, judgment vacated*, 481 U.S. 1034, 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987), the defendant contended that the government had failed to prove more than one prior conviction since there had been only one indictment and the sentences which had been imposed upon him were concurrent. This argument was rejected by the Eighth Circuit Court of Appeals, which held that Petty had sustained six prior convictions, noting that he had been convicted of six counts of armed robbery arising from an incident in which six different people were robbed simultaneously in a restaurant.

Thereafter, Petty applied for a writ of certiorari to the Supreme Court. In a brief decision, the Court granted his application on this issue and determined that:

> [The] judgment [is] vacated, and [the] case [is] remanded [to the United States Court of Appeals for the Eighth Circuit] for further consideration in light of the position presently asserted by the Solicitor General in his brief filed April 13, 1987.

*Petty v. United States*, 481 U.S. 1034, 1034–35, 107 S.Ct. 1968, 1968–69, 95 L.Ed.2d 810 (1987).

On remand, the appellate court vacated Petty's conviction under the Armed Career Criminal Act of 1984, *United States v. Petty*, 828 F.2d 2 (8th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 2827, 100 L.Ed.2d 928 (1988), and summarized those portions of the Solicitor General's brief to the Supreme Court which it found to be relevant:

The Solicitor General argued that the court's characterization of Petty's convictions in New York as more than one conviction, for purposes of the enhanced sentencing statute, was error. He noted that the legislative history strongly supports the conclusion that the statute was intended to reach multiple criminal episodes that were distinct in time, not multiple felony convictions arising out of a single criminal episode.

828 F.2d at 3. Thus, the remand in *Petty* appears to reflect a viewpoint of the Supreme Court and the Eighth Circuit Court of Appeals which is at odds with the position of the government in this case.

■ In *United States v. Wicks*, 833 F.2d 192 (9th Cir.1987), *cert. denied*, — U.S. —, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988), the Court of Appeals for the Ninth Circuit opined that it was in accord with *Petty* when it ruled that convictions could be viewed as separate if they arose from robberies and/or burglaries which were "distinct in time." 833 F.2d at 194. This constitutes a reaffirmation of the view that multiple guilty verdicts which arise out of the *same* criminal episode can constitute only one conviction for the purposes of the Armed Career Criminal Act. Multiple guilty verdicts must originate from multiple episodes that are distinct in time in order to constitute multiple convictions.[3] *See also United States v. Balascsak*, 873 F.2d 673 (3d Cir.1989) (en banc); *United States v. Towne*, 870 F.2d 880 (2d Cir.1989) (petition for *cert.* filed Apr. 28, 1989); *United States v. Herbert*, 860 F.2d 620 (5th Cir.1988); *United States v. Gillies*, 851 F.2d 492 (1st Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988); *United States v. Rush*, 840 F.2d 580 (8th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 2908, 101 L.Ed.2d 940 (1988). This court fully agrees with the reasoning of the Ninth and Eighth Circuit Courts of Appeals

---

3. *Wicks* should not be read as being at odds with *Petty*. The similarity between these two cases is best shown by the explicit acceptance of *Petty* in *Wicks*, 833 F.2d at 194. The Ninth Circuit Court of Appeals in *Wicks* stated that "the language [of the statute] encompasses any person with three predicate convictions, *when-*

*ever* obtained." *Id.* at 193 (emphasis added). This statement indicates that in order to establish three prior convictions, there must be three corresponding criminal episodes which are distinct in time. The timing of the convictions is not important. *Petty, Wicks,* and this court agree on this point.

and adopts the same approach to define what constitutes a previous conviction under the Armed Career Criminal Act.[4]

Although the government in this case does not address the inconsistency between its *legal* position here and that of the Solicitor General in *Petty*,[5] it argues:

The facts in *Petty*, however, are clearly distinguishable from the facts at bar. Petty's four underlying convictions all stemmed from one incident where he robbed four individuals at the same time.[6] Pedigo's burglaries, on the other hand, were distinct in time. Some were committed on the same night, but nonetheless, they were all distinct in time.

Brief of Appellee at 6–7 (citation omitted).

We do not believe, under the principles discussed, that the evidence before the trial court was sufficient to show that Pedigo's burglary convictions arose from at least three distinct criminal episodes. The government has failed to identify that part of the trial record which establishes that all of Pedigo's acts were distinct and separate offenses.

For example, the government's counsel questioned Kentucky State Police Investigator Richard Barton during the trial regarding Pedigo's 1981 guilty convictions:

Q. Did you have cause ... to investigate a burglary or series of burglaries in Allen County, Kentucky regarding Mr. Jimmy Lee Pedigo?

A. Yes, I did....

Q. Now, you investigated some burglaries, do you know what happened regarding those charges?

A. Found guilty on some of them and some of them a guilty plea entered.

Tr. at 86–87.

Barton, after being shown certification of judgment orders, was asked, "That rep-resents how many convictions there?" He responded, "Three." Tr. at 87. This constitutes all of the government's proof regarding the 1981 convictions. However, none of this evidence sheds any light as to whether the three guilty convictions in Allen County arose from one criminal episode or three distinct incidents.[7]

The same problem exists with the Warren County guilty verdicts in 1980. The record does not establish whether these convictions arose out of one criminal episode or more than one incident. If anything, the record suggests that the Warren County verdict originated from one episode.

The government asked Wendell Jackson, a detective with the Kentucky State Police, the following question and received an interesting response:

Q. Did you have cause to investigate a *series* of burglaries here in Warren County with Mr. Pedigo?

A. Yes, sir. I had occasion to investigate one burglary.

Tr. at 84 (emphasis added). Jackson's answer strongly suggests that only one criminal episode was involved in Warren County.

In sum, the trial record is unclear whether more than two criminal episodes lay behind the prior convictions of Pedigo listed in the indictment as a matter of substantive proof at trial. Under the multiple episode approach that has been adopted by this court, as well as by the Eighth and Ninth Circuit Courts of Appeals, this is insufficient to support a conviction under the Armed Career Criminal Act.

The preceding discussion, however, does not conclude the case before us. In *United States v. Brewer*, 853 F.2d 1319, 1322 (6th

---

4. Pedigo did not present to the district court the issue of whether three prior convictions had been established by the government in the context of the *Petty* and *Wicks* decisions discussed above.

5. This inconsistency is somewhat troubling since the United States Attorney in Kentucky and the Solicitor General ostensibly represented the same client, the United States of America.

6. The government incorrectly asserted that four robberies or convictions were at issue in *Petty*. Brief of Appellee at 6. There were actually six convictions at issue.

7. The government's counsel asked Barton whether he had investigated "a burglary or series of burglaries." Thus, even his question is unclear.

Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 375, 102 L.Ed.2d 364 (1988), —— U.S. ——, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1989),[8] we concluded that the Armed Career Criminal Act "did not create a separate indictable offense but constitutes a sentencing enhancement provision that need not be independently pleaded or proved at trial." Thus, the government need not "place evidence of a defendant's three prior felony convictions before the jury" in order for the sentencing judge to impose an enhanced sentence on a recidivist offender. 853 F.2d at 1324 (quoting *United States v. Jackson,* 824 F.2d 21, 25 (D.C.Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 715, 98 L.Ed.2d 665 (1988)).

The government maintains that in addition to the convictions listed in the indictment, Pedigo also was convicted on two felony counts in Monroe County Circuit Court, Kentucky. Thus, the government concludes that the Monroe County convictions constitute the third separate criminal episode as required by the Act, thereby justifying the enhanced sentence which was imposed by the trial court. Brief of Appellee at 7.

Evidence of Pedigo's Monroe County Circuit Court convictions was admitted for impeachment purposes at trial. Tr. at 106. *Brewer,* 853 F.2d at 1321, indicates that this evidence may be considered for enhancement purposes as a third separate episode or group of convictions for purposes of the Armed Career Criminal Act. The problem in this case is whether, in the absence of any reference to Monroe County convictions in the indictment, Pedigo had adequate notice that these convictions would be utilized to enhance his sentence if convicted on the underlying offense of possession of a firearm. *See Stirone v. United States,* 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960); *United States v. Beeler,* 587 F.2d 340 (6th Cir.1978), *appeal after remand,* 648 F.2d 1103 (6th Cir.), *cert. denied,* 454 U.S. 860, 102 S.Ct. 315, 70 L.Ed.2d 158 (1981); *see also Brewer,* 853

F.2d at 1321 & nn. 2, 4. Because we are unsure on the basis of the record before us, whether Pedigo received adequate notice of the Monroe County convictions, this court is unable to conclude that those convictions constituted the third predicate offense required by the Armed Career Criminal Act of 1984.

Moreover, the trial court record suggests that the government relied solely upon the Warren and Allen County convictions in its effort to obtain an enhanced sentence. It is not apparent to this court that the government presented any evidence of the Monroe County convictions at the sentencing hearing. Therefore, we cannot conclude that the trial judge considered the Monroe County convictions to be the third predicate offense required by the Act.

■ Pedigo also contends that he cannot be convicted for possession of firearms "in commerce" as provided in § 1202 since the government failed to prove that he transported the weapon across state lines. We find no substance in this argument. In *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), the Supreme Court determined that firearms possessed in a state other than the state of manufacture constitutes a firearm "in or affecting commerce." *See also United States v. Gregg,* 803 F.2d 568, 571 (10th Cir.1986), *cert. denied,* 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987). Because Pedigo's gun was not manufactured in Kentucky and, therefore, had necessarily been shipped in interstate commerce, the proof presented by the government was sufficient under the *Scarborough* rationale.

■ Pedigo further maintains that he was arrested without probable cause in violation of the Fourth Amendment. Law enforcement officials have probable cause to effectuate a warrantless arrest of a suspect in a public place if a reasonably prudent person would have believed, based on

---

8. On rehearing, the *Brewer* court reached a result on this issue different from an earlier decision in this case reported at *Brewer,* 841 F.2d 667 (6th Cir.1988). *See* 853 F.2d at 1327 (Merritt, J., dissenting). We issued a prior opinion, since withdrawn, based on our misplaced reliance on the earlier *Brewer* decision.

the facts known to the arresting officer, that the suspect committed a criminal offense. *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949); *Carroll v. United States,* 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925); *United States v. Pelham,* 801 F.2d 875, 877 (6th Cir.1986), *cert. denied,* 479 U.S. 1092, 107 S.Ct. 1305, 94 L.Ed.2d 160 (1987). In the principal case, we believe that based on the facts known to Lieutenant Serra, a reasonably prudent person could have concluded that Pedigo was concealing, or was attempting to conceal, a weapon as prohibited under Kentucky law. *See Reid v. Commonwealth,* 298 Ky. 800, 184 S.W.2d 101 (1944). Therefore, we reject Pedigo's claim that Lieutenant Serra arrested him without probable cause in violation of the Fourth Amendment.

■ We also find no merit in Pedigo's assertion that the Armed Career Criminal Act, as applied to him, violates the Eighth Amendment proscription against cruel and unusual punishment. In *Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983), the Supreme Court determined that the Eighth Amendment requires that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." In *Chandler v. Jones,* 813 F.2d 773, 777–79 (6th Cir.1987), this court reconciled the *Solem* decision with the decision in *Rummell v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), and concluded that the relative harshness of the sentence imposed determines whether a court need entertain a contention that the sentence was disproportionately harsh as defined in *Solem.* The *Chandler* court determined that because the defendant in that case was serving a life sentence with the possibility of parole, in contrast to a life sentence without parole, it would not engage in an extensive proportionality analysis as provided in *Solem.*

Clearly, the sentence imposed on the recidivist in *Chandler* was more severe than the sentence of fifteen years without parole received by Pedigo. Therefore, similar to *Chandler,* we refuse to engage in an extensive proportionality analysis and conclude that the sentence, which was imposed pursuant to the Armed Career Criminal Act, does not constitute cruel and unusual punishment.

We remand the enhancement aspect of Pedigo's sentence under the Armed Career Criminal Act for further consideration and proceedings in accordance with this opinion. The district court may conduct proceedings to determine whether the convictions listed in the indictment involved three separate criminal episodes. If the district court concludes that only two episodes were involved, it may then consider whether the Monroe County convictions could serve as the third predicate offense under the enhancement statute.