979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey J. O'KEEFE, Petitioner-Appellant
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-36166.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 12, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Jeffrey J. O'Keefe ("O'Keefe") was convicted by a jury for violating the Armed Career Criminal Act, 18 U.S.C.App. § 1202(a)(1) (repealed 1986), and for possessing an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5845, 5861(d), and 5871. O'Keefe appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 BACKGROUND
 
 3
 On June 19, 1986, the Oregon Police Department responded to a reported presence of an armed gunman, later identified as O'Keefe. Upon arrival, O'Keefe drove off. Pursuit followed. O'Keefe's vehicle crashed at a nearby creek. A loaded shotgun was found at the accident scene. O'Keefe sustained a fractured hip and was in pain when Officers Oakland and Goodard retrieved O'Keefe from the creek. Officer Oakland read O'Keefe his Miranda rights. O'Keefe stated he understood his rights and had no questions about them. When asked how he came to be in the creek, O'Keefe responded that he had fallen off the bridge. Officer Oakland then asked if he had been involved in a vehicle accident. O'Keefe denied that he had been in the vehicle. O'Keefe was then taken to a hospital.
 
 
 4
 O'Keefe was indicted as an armed convicted felon and for possessing an unregistered sawed-off shotgun, and a jury found O'Keefe guilty on both counts. O'Keefe was sentenced to fifteen years as an armed career criminal. O'Keefe filed a direct appeal, but the appeal, with O'Keefe's consent, was dismissed. O'Keefe, thereafter, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The motion was denied. O'Keefe timely appeals.
 
 DISCUSSION
 I.
 
 5
 O'Keefe argues that because he was not taken to a hospital before being questioned, the implication was that he would not get medical attention until he answered Officer Oakland's questions. His statements were therefore coerced and their admission at trial violated his right against self-incrimination.
 
 
 6
 The district court found that "the statements were made voluntarily and after he had been advised of this rights and acknowledged that he understood his rights." [ER 36].
 
 
 7
 We review de novo the question of voluntariness. United States v. Leon Guerrero, 847 F.2d 1363, 1365 (9th Cir.1988). The test for voluntariness is "whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." Id., at 1366.
 
 
 8
 The record does not show that the police threatened to withhold medical assistance unless O'Keefe answered certain questions. Rather, O'Keefe stated that he understood his rights, and proceeded to make statements to the police. Since there is no evidence that the statements were extracted by threats or violence, we find that O'Keefe's statements to the police were voluntary. See id. (statement involuntary if " 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence' ") (quotation omitted).
 
 
 9
 O'Keefe's right against self-incrimination was not violated.
 
 II.
 
 10
 O'Keefe next argues that enhancement of his sentence under the Armed Career Criminal Statute ("ACC") is illegal because his prior convictions do not amount to three predicate offenses required under the ACC.[1]
 
 
 11
 O'Keefe's prior criminal record consisted of five separate offenses which were consolidated in a stipulated facts trial. On July 7, 1978, O'Keefe suffered separate convictions on each of the following offenses:
 
 
 12
 Lane County Case No. Incident Date Offense
 
 
 13
 78"1203 2/12/78 Robbery I
 
 
 14
 78"1204 2/12/78 Burglary I
 
 
 15
 78"1508 12/4/77 Burglary II
 
 
 16
 78"1509 11/14/77 Burglary I
 
 
 17
 78"1510 1/7/78 Robbery I
 
 
 18
 [CR 47, ex. B].
 
 
 19
 O'Keefe argues that the prior offenses do not constitute three predicate offenses, because multiple convictions in a single case constitute one prior predicate conviction only. This argument is meritless.
 
 
 20
 We have held that the ACC language "encompasses any person with three predicate convictions, whenever obtained." United States v. Wicks, 833 F.2d 192, 193 (9th Cir.1987) (emphasis added), cert. denied, 488 U.S. 831 (1988). In Wicks, the defendant argued that "his conviction under the [ACC] statute is invalid because two of his three predicate burglary convictions resulted from burglaries that occurred on the same night (though at different locations), that were prosecuted together, and that resulted in concurrent sentences." Id. We rejected that argument then and we reject it now. It is readily apparent that O'Keefe was convicted of more than three separate criminal offenses that occurred on at least four separate dates.
 
 
 21
 O'Keefe's fifteen year sentence is affirmed.
 
 III.
 
 22
 O'Keefe also argues that he was denied effective assistance of counsel. To prevail on this claim, O'Keefe must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In other words, "a defendant is denied effective assistance of counsel where counsel does not offer reasonably effective assistance, and, but for counsel's unprofessional errors, the result of the proceeding would have been different." Coe v. Thurman, 922 F.2d 528, 533 (9th Cir.1990).
 
 A.
 
 23
 O'Keefe argues that he was denied effective assistance of counsel at trial, because his trial counsel failed to file a "motion to suppress defendant's statements to Officer Oakland at the time of defendant's arrest." [Blue Brief 12]. According to O'Keefe, his attorney should have moved to suppress the statements, because the statements were involuntary and incriminating. The district court, however, found that:
 
 
 24
 [T]he statements were made voluntarily and after he had been advised of his rights and acknowledged that he understood his rights. Thus, there has been no showing that his counsel's performance was deficient for not moving to suppress the statements. Further, even if the attorney was deficient, no prejudice has been shown because the statements were exculpatory, not incriminating.
 
 
 25
 [ER 36-37].
 
 
 26
 We review for clear error the trial court's determination of facts underlying a claim of ineffective assistance of counsel. United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986). We review de novo whether these facts show ineffective assistance of counsel. Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). The determination of "[w]hether a defendant has been prejudiced by counsel's ineffectiveness is a question of law," and is reviewed de novo. United States v. Tucker, 716 F.2d 576, 592 (9th Cir.1983).
 
 
 27
 The statements in question concern Officer Oakland's conversation with O'Keefe. O'Keefe was advised of his Miranda rights at the time of his arrest, and stated that he understood his rights. [Blue Brief 7, Red Brief 4]. O'Keefe was asked how "he came to be in the situation he was in," and he responded that "he had fallen off the bridge." [Blue Brief 7]. O'Keefe was then asked if he was involved in a vehicle accident, and he responded that "he hadn't been in a vehicle or been driving a vehicle that night." [Blue Brief 7].
 
 
 28
 Since the statements were voluntary, exculpatory, and not incriminating, they were not in violation of the Fifth Amendment. Therefore, the attorney's failure to move to suppress the statements was not a deficient performance which prejudiced O'Keefe's defense.
 
 B.
 
 29
 O'Keefe also argues that he was denied effective assistance of counsel, because his trial counsel failed to argue that his prior offenses did not amount to three "predicate offenses." As stated above, his prior offenses amounted to more than the required three predicate offenses. O'Keefe's trial counsel could have reasonably determined that the "predicate offense" claim had no merit. Therefore, the failure to challenge O'Keefe's sentence under the ACC was not a deficient performance which prejudiced O'Keefe's defense. See Gordon v. Duran, 895 F.2d 610, 614 (9th Cir.1990) (a failure to argue that a search was illegal did not constitute ineffective assistance of counsel, because the attorney may have reasonably concluded that defendant did not have a legitimate privacy interest in the place searched).
 
 IV.
 
 30
 O'Keefe finally argues that because his appellate counsel failed on appeal to pursue the legality of his enhanced sentence under the ACC, he was denied effective assistance of appellate counsel. To avail under an ineffective assistance of appellate counsel claim, O'Keefe must show that appellate counsel's performance "fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, [O'Keefe] would have prevailed on appeal." Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (citations and footnote omitted).
 
 
 31
 O'Keefe's appellate counsel's failure to pursue O'Keefe's "predicate offense" claim on appeal does not fall below the objective standard of reasonableness, because such a claim would have little, if any, chance of success. See id. (finding that appellate counsel's failure to raise an issue that has little chance of success is a hallmark of effective appellate advocacy). O'Keefe also suffered no prejudice.
 
 CONCLUSION
 
 32
 O'Keefe's right against self-incrimination was not violated, because his statements made to the police were neither incriminating nor involuntary. O'Keefe's right to effective assistance of counsel were not violated because O'Keefe's trial and appellate counsel's performance were not deficient and he suffered no prejudice.
 
 
 33
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under the ACC, Any person who possesses any firearm and who has three previous convictions by any court for robbery or burglary, or both, shall be imprisoned not less than fifteen years
 18 U.S.C.App. § 1202(a).