# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3272

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Piontek A. Young, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 14, 2003

Filed: April 21, 2003

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Billy Joe Williams was found shot to death in a St. Louis alley. Police traced his whereabouts before the shooting to his girlfriend Ladonna Anderson's house in Washington Park, Illinois, a twenty minute drive from the alley where Williams's body was found. Tracking evidence found at Anderson's house and other leads, police determined Anderson's nephew, Pointek A. Young, who sporadically lived with Anderson, was involved in Williams's shooting. Young was later arrested after he fled from a traffic stop in Illinois. At Young's trial, Anderson testified she had seen Williams with many guns during the time he lived with her. She also testified that on the night of the murder, she saw Young and another man accuse Williams of

stealing Young's favorite gun, handcuff Williams, beat him, force him to drink alcohol, drag him from the house, and put him in a vehicle a little after 8:30 p.m. Another witness, whose home was adjacent to the alley, testified that about 9:00 p.m. the same night, he heard shots coming from the alley. He looked out and saw a silver Dodge van parked in the alley with its rear hatch up. The witness stated he saw someone standing by the van fire two more shots, and saw another person in the van's driver's seat. The van then sped out of the alley. Evidence showed Young was in possession of a rented silver Dodge van like the one the witness saw a couple of hours before and after the murder. A jury convicted Young of kidnaping resulting in death and of being a felon in possession of a weapon. The district court[*] sentenced him to life imprisonment.

On appeal, Young asserts the evidence was insufficient to convict him. Reviewing the evidence in the light most favorable to the verdict and giving the verdict the benefit of all reasonable inferences, we conclude a reasonable jury could find Young guilty of both charges beyond a reasonable doubt. United States v. Hankins, 931 F.3d 1256, 1258-59 (8th Cir. 1991). The evidence showed Young participated in the abduction of Williams from Illinois, his transportation to Missouri, and his murder. The evidence also showed that at the time of the murder, Young was a felon and transported two firearms used in the murder across state lines, and had possessed guns while he lived with Anderson after his felony conviction.

Second, Young contends the district court erroneously admitted a bullet-proof vest, ski mask, and ammunition seized from Anderson's house because they were not connected to the crime. The vest and ammunition were probative of Young's possession of firearms, however, and the mask containing Young's DNA found with the vest and ammunition showed Young's ownership of the vest and ammunition.

---

[*]The Honorable Carol Jackson, United States District Court for the Eastern District of Missouri.

-2-

See United States v. Petty, 798 F.2d 1157, 1161 (8th Cir. 1986), rev'd on other grounds, 828 F.2d 2 (8th Cir. 1987).    The district court did not abuse its discretion in concluding the probative value of the evidence was not outweighed by the danger of unfair prejudice.  Third, Young contends the district court committed plain error in admitting testimony that he fled from arrest at a traffic stop seven days after the crime. The evidence was probative of Young's consciousness of guilt for the kidnaping, and was not too remote in time to be fairly associated with the kidnaping and murder.   See Hankins, 931 F.3d at 1261.  Other reasons Young posed for the flight went to the weight rather than admissibility of the evidence.  The district court did not commit plain error in failing to give a jury instruction on flight.  Id. at 1262-63 (flight instructions are discouraged).

Young also contests the admission of other evidence seized at Anderson's house and from the car he was driving at the time of the arrest.  Anderson voluntarily consented to the first search of the residence and she had authority as its primary occupant to do so.  See United States v. Baswell, 792 F.2d 755, 758 (8th Cir. 1986). There was no plain error in admitting evidence found in the second search of the residence because Young (and Anderson) had moved out by the time of the search and thus had no expectation of privacy.  Besides, as agent of the home's owner, the landlord had authority to consent to the search of the unoccupied house, and voluntarily gave his consent.  Baswell, 792 F.2d at 759.  Likewise, the district court did not commit plain error in admitting evidence seized from the car Young was driving at the time of the traffic stop.  The police conducted a valid Terry stop for a traffic violation (the car displayed license plates for a different vehicle).  The officers appropriately asked the occupants to get out of the vehicle, and immediately saw open beer containers and marijuana in plain view.  The officers thus had probable cause to arrest the car's occupants and search the car.  Last, police did not violate Young's Fifth Amendment rights by eliciting statements from Young, who was in custody, after they advised him of his Miranda rights.  Young voluntarily waived his rights and made statements to the police.

-3-

We thus affirm Young's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.