933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David L. JACKSON, Defendant-Appellant.
 No. 90-1744.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1991.
 
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 David Lee Jackson raises two issues in his appeal: (1) did the district court err in denying his motion to withdraw his guilty plea, and (2) did the district court err in sentencing Jackson under the Armed Career Criminal Act. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 On January 30, 1990, Special Agents of the Bureau of Alcohol, Tobacco, and Firearms arrested Jackson. Jackson was driving a 1979 Chevrolet Impala which contained a loaded .32 caliber revolver under the passenger seat. On March 26, 1990, a grand jury returned a one count indictment against Jackson charging him with being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Jackson entered into a FED.R.CRIM.P. 11 plea agreement on March 26, 1990, pleading guilty to the 922(g)(1) charge. The written plea contained the following provision, "The parties agree that any sentence of incarceration shall not exceed 15 years pursuant to 18 U.S.C. Sec. 924(e) should the court find that defendant has the requisite prior felony convictions."
 
 
 3
 On April 18, 1990, the probation department completed the presentence report on Jackson; the government relied upon various convictions set forth in the report for its contention that Jackson qualified as a career criminal. As the government noted in its May 30, 1990, brief supporting a motion for application of the enhanced sentencing provisions of the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e), Jackson's California convictions arose out of two distinct episodes. Jackson included in his brief opposing the government's motion the following attestation of confusion:
 
 
 4
 Although the United States Attorney has presented a narrative description of Mr. Jackson's California case, and appended it to its brief, it is not clear to Defendant what this document is. Defendant states that all of the charges resulting in his California conviction arose out of essentially the same incident. Counsel for Mr. Jackson notes that in discovery, and prior to the filing of their Motion Requesting Enhancement of Sentence, information and records indicated that the California conviction involved one incident. Therefore, if this Court should determine that Mr. Jackson is subject to the enhancement provisions of the ACCA, Defendant will wish to move to withdraw his plea of guilty. Due to the passage of time and confused events of the date of his plea, Defendant's recollection was that all of these convictions arose from a single incident in California.
 
 
 5
 At the sentencing hearing on June 7, 1990, the district court concluded that the California convictions constituted two separate predicate felonies and, based on this determination, granted the government's motion for application of the enhancement provisions. After Jackson's sentencing, he moved to withdraw the plea. The district court summarily denied the motion and Jackson filed this timely appeal.
 
 
 6
 Jackson first asserts the district court erred in denying his motion to withdraw his plea of guilty. The granting of a motion to withdraw a plea is not a matter of right but is generally a matter within the sound discretion of the trial court. United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988). This general rule granting discretion to the district court changes once the sentence is imposed:
 
 
 7
 If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. Sec. 2255.
 
 
 8
 FED.R.CRIM.P. 32 (emphasis added.) Although Jackson asserted he was going to move to withdraw his plea, he failed to actually do so until after the district court had determined his sentence. According to the plain language of Rule 32, the district court had no alternative but to deny Jackson's request.
 
 
 9
 Jackson admits that the district court properly considered his previous conviction for armed robbery in Michigan, but he asserts the district court erred in treating his California convictions as separate incidents under the Armed Career Criminal Act. Jackson was arrested in California for burglarizing a gas station on May 16, 1983. On June 4, 1983, he was arrested for attempted escape. Jackson received six separate felony convictions as a result of these events.
 
 
 10
 Multiple guilty verdicts must originate from multiple episodes that are distinct in time to constitute felony convictions. United States v. Pedigo, 879 F.2d 1315, 1317 (6th Cir.1989). As well as being separated by two weeks, Jackson's California convictions were based upon violent actions occurring in entirely different circumstances. The district court correctly considered them as separate incidents.
 
 
 11
 Therefore, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation