948 F.2d 1290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence COLES, Defendant-Appellant.
 No. 90-2121.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and ALLEN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Clarence Coles, was convicted of being a felon in possession of a firearm and ammunition. 18 U.S.C. § 922(g)(1). Prior to trial, the government filed a notice of its intention to seek the enhanced penalties provided by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). On October 4, 1990, the trial judge sentenced Coles to the mandatory minimum 15-year sentence required by 18 U.S.C. § 924(e).
 
 
 2
 On appeal, Coles argues that (1) the trial court erred in its response to a jury question on the issue of "possession"; (2) his prior felony record would not support a sentence enhancement pursuant to the provisions of ACCA; and (3) he was not given an adequate opportunity at sentencing to challenge his underlying predicate conviction.
 
 
 3
 Upon a review of the record, we find no error requiring reversal and affirm the conviction and sentence.
 
 I.
 The Jury Question Issue
 
 4
 It is not disputed that the defendant has four prior felony convictions. The events that led to his arrest occurred on April 28, 1989. Coles was stopped for speeding and when he was unable to produce either a driver's license or auto registration, he was asked to step out of the car and was arrested. As he was being handcuffed, his jacket came open and the arresting officer observed a handgun tucked in his pants. The arresting officer called to his partner who came over and seized a loaded .32 caliber revolver from Coles' waistband. The officers also found 15 .32 caliber bullets in the pocket of Coles' pants.
 
 
 5
 At trial, the arresting officers testified to the foregoing and defendant offered testimony from witnesses who presented a different version. Defendant's 12-year-old daughter, who was in the car when defendant was arrested, testified that the pistol was in a bag in the back seat. Defendant's uncle, who owned the car, testified that the unregistered firearm and ammunition belonged to him and that he left them in the car after being driven home intoxicated.
 
 
 6
 After both sides rested, the jury was instructed on the charge of possession as follows:
 
 
 7
 Now the law recognizes two kinds of possession: Actual possession and constructive possession. In this case the Government argues that the Defendant was in actual possession of the firearm. A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it. Actual possession exists when a tangible object is in the immediate possession or control of a party.
 
 
 8
 You may find that the element of possession as that term is used is present if you find beyond a reasonable doubt that the Defendant had actual possession of the firearm or the ammunition.
 
 
 9
 (App. at 78). The jury also was given a cassette recording of the instructions to take into the jury room for use during deliberations. There was no challenge then or now to the possession instruction.
 
 
 10
 During their deliberations, the jury sent out a note to which the trial judge responded:
 
 
 11
 THE COURT: The Court has received a note from the jury which reads as follows:
 
 
 12
 "Must we only consider the gun was on his person, or must we consider he knew the gun was in the vehicle. We would also like the police report."
 
 I propose an answer as follows:
 
 13
 ....
 
 
 14
 Two, it is the theory of the Government's case that the Defendant was in full possession of the gun. Please refer to the instructions.
 
 
 15
 MR. CHAMBERS: The thing I would ask is that actual possession, and possession on his person?
 
 
 16
 THE COURT: It was an actual possession. That is sufficient. If they have another note they will send it to me. That's what the instructions say.
 
 
 17
 MR. CHAMBERS: What I am concerned with is he is charged with having the gun on his person, and not having the gun in the car. I would just like for it to be clear that he was charged with the gun on his person, I think that is the question.
 
 
 18
 MS. HARTMANN: I think the Government has to choose whether it's going under a theory of constructive possession.
 
 
 19
 THE COURT: It did not.
 
 
 20
 MS. HARTMANN: Or actual. I think the actual possession, constructive, covers it, and the Government shouldn't be required to limit it any further than that.
 
 
 21
 MR. CHAMBERS: The whole theory is that he had the gun in his waistband on his person, not that the gun was anywhere else.
 
 
 22
 THE COURT: I think that is sufficient.
 
 
 23
 (App. at 80-82). The jury returned a verdict of guilty.
 
 
 24
 Coles argues that the trial judge erred when he answered the jury's question because the response amounted to giving the jury a supplemental charge on constructive possession when the government had not proceeded on such a theory. We agree that the government had limited itself to an actual possession theory, but disagree that the court offered a constructive possession charge. In fact, as we shall explain, we view the court's response to the question as being helpful to the defendant and not prejudicial.
 
 
 25
 The court was clearly correct in its initial charge to the jury, both as to the definitions of actual possession, and in telling the jury that the government was presenting only an actual possession case. The jury inquiry was obviously prompted by the testimony that the pistol was in the back seat of the car. In short, they were asking: "Do we have to find the defendant had the firearm on his person or may he also be guilty if the pistol was in the back seat?" It is clear to us that Judge Cohn understood the jury inquiry in this manner and he properly told them to go back and listen again to the jury instruction that stated: "the Government argues that the Defendant was in actual possession of the firearm." Although clearer phraseology might have been used when the trial judge told the jury "it is the theory of the Government that the Defendant was in full possession of the gun" (emphasis added), he clearly was alluding to the defendant having the gun on his person. Right from the beginning, this case was presented as one involving actual possession, and we think the original jury instructions, the court's answer to the jury inquiry, and the government's opening statement and closing argument made that clear.
 
 II.
 The Prior Felony Record
 18 U.S.C. § 924(e)(1) provides:
 
 26
 In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than 15 years....
 
 
 27
 Two of the defendant's three prior felony convictions relied upon by the district court occurred on the same day--November 7, 1979. Defendant argues these two convictions, one for armed robbery and the other for assault with intent to commit armed robbery, should be considered as only one conviction. We disagree.
 
 
 28
 Although two convictions occurred on November 7, 1979, the offenses themselves occurred on July 16, 1979, and July 18, 1979. Multiple felony convictions that result from independent criminal episodes constitute separate convictions under ACCA. United States v. Pedigo, 879 F.2d 1315, 1317 (6th Cir.1989). Here we have two separate offenses committed two days apart, at two different locations and against two different victims.
 
 
 29
 Defendant relies heavily on our decision in United States v. Taylor, 882 F.2d 1018, 1028 (6th Cir.1989), cert. denied, 110 S.Ct. 2592 (1990), in which we stated:
 
 
 30
 We note that the question of how to count multiple convictions arising from the same or closely related actual conduct can be a difficult one, particularly where a defendant has been convicted in a single judicial proceeding of several felonies arising from conduct committed on the same night, in a prolonged attack on the same victim, or as a single "crime spree."
 
 
 31
 The only language in Taylor from which defendant could take solace is the reference to a "crime spree." Unfortunately, in Taylor, the court never went on to elaborate on or define "crime spree" since the court concluded that two burglaries of separate structures in separate months qualified as two separate convictions even though the convictions themselves occurred on the same day. Since the term "crime spree" is not of our choosing, nor is it in the statute, we find no need to define it here other than to say we will not construe convictions resulting from an armed robbery, followed two days later by an assault with intent to commit armed robbery against different victims at different locations, to be one conviction. We can understand the logic in a result that treats the robbery of six individuals simultaneously as one crime,[1] however, that is not our situation here.
 
 III.
 The Sentencing Hearing
 
 32
 Defendant's final claim of error is that his trial counsel was not allowed "to proffer a statement concerning the circumstances which would demonstrate to the court that [the defendant] was in fact on a 'crime spree' when he committed the Armed Robbery and the Assault with Intent to Commit Armed Robbery within a two-day period July 16 and 18, 1979." There are two problems with this argument. First, the "proffer" was a statement made by counsel unsupported by evidence. Second, the court did hear the "proffer" but concluded that there was no evidence to show defendant was on a "rampage" or that these two crimes were part of one continuing episode. A review of the record convinces us that Judge Cohn fully accorded defendant and defense counsel full rights of allocution, but rejected their argument which sought to turn the two convictions into one.
 
 
 33
 Both the conviction and sentencing enhancement are AFFIRMED.
 
 
 
 *
 The Honorable Charles M. Allen, United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 United States v. Petty, 798 F.2d 1157 (8th Cir.1986), vacated, 481 U.S. 1034 (1987), on remand, 828 F.2d 2 (8th Cir.1987), cert. denied, 486 U.S. 1057 (1988). Similarly, see United States v. Towne, 870 F.2d 880 (2d Cir.), cert. denied, 490 U.S. 1101 (1989) (the kidnapping and rape of same victim on the same day counted as one conviction)