986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry Lyon EATON, Defendant-Appellant.
 No. 92-5361.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1993.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Eaton appeals his convictions of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). For the following reasons, we affirm.
 
 
 2
 On March 13, 1991, Detective Hooper of the Hamilton County Sheriff's Department in Tennessee signed an affidavit to support a search warrant. The affidavit identified the apartment to be searched as the upper floor, right side apartment at 207 Glendale Drive in Chattanooga. The affidavit provided that Hooper had known an informant for six months, that the informant had given information which had led to the conviction of at least one person for narcotics violations, that on at least one occasion the informant had given information which had been corroborated by other law enforcement officers, and that the informant had seen marijuana at the apartment within the previous 72 hours. The affidavit said that marijuana was on the premises of "John Doe alias."
 
 
 3
 On March 15, 1991, based upon Hooper's affidavit, a magistrate issued a search warrant for "A quadraplex located at 207 Glendale Dr. in Chattanooga Tennessee. The apartment to be searched is located on the upper floor on the right side as you stand in front of the complex." The search warrant stated that narcotics, narcotic paraphernalia, the fruits of the sale of narcotics, and firearms used for the protection of narcotics should be seized in the apartment. Additionally, the search warrant stated that money, records, and papers should be taken from persons in the apartment by the search officer.
 
 
 4
 On March 15, 1991, Hooper and three other officers forced their way into Eaton's apartment at the location described in the search warrant. The police found several packets of marijuana, which contained less than one pound of marijuana. In addition, the police found small scales and a shotgun next to the bed used by Eaton and his girlfriend, Angie Elkins.
 
 
 5
 On August 14, 1991, Eaton was indicted for possession of marijuana with intent to distribute (Count 1), possession of a firearm in relation to a drug-trafficking offense (Count 2), and possession of a firearm by a convicted felon (Count 3).
 
 
 6
 Eaton was tried before a jury. At the trial, Eaton put on proof that he and his girlfriend had been assaulted and threatened by a man named Ricky McElhenny. However, the district court refused to admit evidence regarding McElhenny's fugitive status and other alleged threats. In addition, Eaton asked that the jury be given instructions regarding the necessity defense, but the district Court denied his request.
 
 
 7
 The jury returned verdicts against Eaton on Counts 1 and 3, but were deadlocked as to Count 2, possession of a firearm in connection to a drug-trafficking offense. Therefore, the district court declared a mistrial as to that count.
 
 
 8
 Eaton was sentenced as an armed career criminal to 270 months (22 and 1/2 years) in prison, plus 5 years of supervised release and $1,000 in fines.
 
 
 9
 In this appeal, Eaton raises several evidentiary issues and related arguments. Eaton contends that the search warrant was invalid for four reasons. Eaton first argues that at the suppression hearing, the district court should not have heard evidence which was not presented to the magistrate who issued the search warrant. Excluding that evidence, Eaton contends that the affidavit did not support a finding of probable cause. Second, Eaton argues that the description "John Doe alias" is insufficient to state with particularity the person to be searched. Third, Eaton maintains that the place to be searched is not described with sufficient specificity. Fourth, Eaton argues that the search warrant does not show probable cause to search the persons in the premises and is overbroad.
 
 
 10
 In regard to excluding the evidence, Eaton did not object to having Detective Hooper testify at the suppression hearing to facts that had not been presented to the magistrate who issued the search warrant. Consequently, under United States v. Pickett, 941 F.2d 411 (6th Cir.1991), statements made by Hooper at the suppression hearing cannot be grounds for reversal. There is no evidence that Detective Hooper was acting in bad faith by executing a warrant that was predicated on his affidavit. As a result, Detective Hooper is entitled to the good-faith exception to the exclusionary rule as enunciated in United States v. Leon, 468 U.S. 897 (1984).
 
 
 11
 As to the particularity of the search warrant, the description "John Doe alias" does not make the warrant invalid because no evidence taken from Eaton was presented at trial. With regard to the apartment description, Detective Hooper knew which apartment to search, and there is no evidence that he acted in bad faith.
 
 
 12
 Eaton also argues that he was entitled to show the necessity of possessing a shotgun and that the jury should have been instructed regarding the necessity defense. Eaton contends that he satisfied the test of United States v. Singleton, 902 F.2d 471, 472 (6th Cir.), cert. denied, 111 S.Ct. 192 (1990), for establishing the necessity defense: (1) the defendant had a well-grounded apprehension of death or serious bodily injury; (2) the defendant did not recklessly or negligently subject himself to the risk; (3) no legal alternative to violating the law existed; and (4) the criminal undertaking was made to avoid the threatened harm. Eaton argues that he laid the foundation for the necessity of possessing a shotgun by showing that it had been seized from an intruder and that Ricky McElhenny posed a threat to Eaton and his girlfriend. Eaton argues that the court's refusal to allow him to present further evidence in support of the necessity defense and the court's failure to provide an instruction regarding necessity constituted reversible error.
 
 
 13
 Under Singleton, the threat of harm to justify a necessity defense must be imminent. In this case, Eaton's altercation with McElhenny occurred months before his arrest; therefore, the district court properly excluded evidence regarding Ricky McElhenny's fugitive status and properly refused to give an instruction regarding the necessity defense.
 
 
 14
 Another argument advanced by Eaton is that the district court did not comply with the plea procedures of FED.R.CRIM.P. 11 before allowing Eaton's attorney to admit that he was distributing marijuana. This argument is based on the following statement by Eaton's counsel to the jury: "... Mr. Eaton does not contest the count of the indictment which alleges that he possessed marijuana with an intent to distribute." Eaton maintains that his counsel's statement constituted a "de facto plea of guilty"; therefore, the district court should have followed the protections of Rule 11 in accepting guilty please. This argument is without merit. Eaton did not enter a guilty plea, and Rule 11 is not applicable.
 
 
 15
 Eaton contends that his punishment is grossly disproportionate to the severity of his crime, and therefore violates his right under the Eight Amendment to be free from cruel and unusual punishment. However, Eaton's sentence does not violate the Eighth Amendment because it is within the appropriate range established by the Sentencing Guidelines. See United States v. Pedigo, 879 F.2d 1315, 1320 (6th Cir.1989) (holding that a 15-year sentence imposed pursuant to the Armed Career Criminal Act does not constitute cruel and unusual punishment).
 
 
 16
 Eaton argues that he should have been informed of the informant's identity and allowed to interrogate the informant. The district court correctly refused to force the disclosure of the informant's identity. Under United States v. Roviaro, 353 U.S. 53 (1957), an informant's identity should be revealed only if it is necessary to insure a fair trial. The court's refusal to identify the informant was proper under Roviaro. Under that case the need to protect confidential informants is weighed against the need to ensure a fair trial. In this case, no evidence indicates that Detective Hooper fabricated the informant's evidence or that he acted in bad faith. Therefore, nothing in this record offsets the need to protect the informant's identity.
 
 
 17
 Finally, Eaton argues that he should have been granted a new trial based on additional evidence. According to Eaton, Hooper stated at the suppression hearing that the power in Eaton's apartment was listed under the name of Ms. Elkins. Actually, according to Eaton, it was listed under "Barry L. Eaton." Therefore, Eaton argues he should have been allowed to attack this discrepancy at the suppression hearing and trial. The evidence regarding which utilities were in whose name has no bearing on Detective Hooper's credibility or the fairness of Eaton's trial because the evidence is overwhelming that Eaton was guilty of the first and third count. Under United States v. Turner, 633 F.2d 219 (6th Cir.1980), motions for a new trial should be granted only to prevent a miscarriage of justice. Additionally, no evidence indicates that Detective Hooper was acting in bad faith in executing the search warrant and so his credibility is not at issue regarding the legality of the search of Eaton's apartment.
 
 
 18
 We conclude that the district court properly evaluated all of the issues raised by Eaton. Accordingly, the judgment of the district court is affirmed.