728 F.2d 600
 5 Employee Benefits Ca 1396
 Peter J. LIVOLSI, and Albert W. Betler, on behalf of the
Laborers' District Council of Western Pennsylvania Welfare
and Pension Funds, and as agents for the Construction
Industry Advancement Program of Western Pennsylvania
Advancement Fund, the Western Pennsylvania Heavy and Highway
Construction Advancement Program Fund and the Laborers'
District Council of Western Pennsylvania and its affiliated
local unions, Appellants,
v.
RAM CONSTRUCTION CO., INC., John Lastooka and Fred Scholl, Appellees.
 No. 83-5143.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
Nov. 16, 1983.
 Decided Feb. 23, 1984.
 
 Richard E. Gordon, Howard Grossinger, Pittsburgh, Pa., for appellants.
 James Pellow, Hanna & Assoc., Large, Pa., for appellees.
 Before ADAMS and BECKER, Circuit Judges, and NEWCOMER, District Judge*
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 This is an unopposed appeal by plaintiffs from an order of the district court refusing to hold defendants in contempt for alleged breaches of an ERISA consent order. The district court denied relief on grounds that the state courts had concurrent jurisdiction and that certain factors made federal abstention appropriate.[1] We reverse.
 
 I.
 
 2
 Plaintiffs Peter J. Livolsi and Albert W. Betler are trustees of certain Union Welfare and Pension Funds. On September 7, 1982, they commenced this action by filing suit in the Western District of Pennsylvania, alleging that defendant Ram Construction ("Ram") breached certain collective bargaining agreements requiring it to make contributions into these funds. Federal jurisdiction was premised on section 502 of the Employment Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1132 (1976), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. Sec. 185 (1976). Plaintiffs also brought a "pendent" claim against John Lastooka and Fred Scholl, officers of Ram, under the Pennsylvania Wage Payment and Collection Law.[2]
 
 
 3
 On October 13, 1982, pursuant to a settlement of the case, the district court entered a consent order obligating the defendants to pay $61,034.69 for liabilities arising before September 30, 1982, and to make future payments into the pension and welfare funds as required by the collective bargaining agreements. Defendants were also enjoined from violating ERISA and from failing to make timely payments of dues, fringe benefits, and other amounts due under the collective bargaining agreements. The consent order, which states that federal jurisdiction exists over the parties and subject matter, was executed by representatives of all the parties and approved by the district court.
 
 
 4
 Unfortunately, the consent order did not end the litigation. Two months later the plaintiffs filed a motion for adjudication of civil contempt, charging non-compliance with the consent order. On January 28, 1983, the district court denied the contempt motion and, sua sponte dismissed the complaint on the basis of the following reasoning. First, the district court stated that plaintiffs' action was brought under 29 U.S.C. Sec. 1132(a)(1)(B) because it was brought by "a participant or beneficiary to recover benefits due him under the terms of his plan ...." Under 29 U.S.C. Sec. 1132(e)(1), however, "[s]tate courts of competent jurisdiction and district courts of the United States ... have concurrent jurisdiction over actions" brought under that particular subsection of ERISA. The court thereupon found that the collective bargaining agreements underlying the dispute required claims for delinquent contributions to be brought in "the Common Pleas courts of Allegheny County" or in "Allegheny County." Interpreting these contractual provisions to bar suit in federal forums, the court held that federal abstention was necessary under the circumstances and thereupon, as we have noted, dismissed the complaint.
 
 II.
 
 5
 It is true that federal and state courts have concurrent jurisdiction over actions brought under 29 U.S.C. Sec. 1132(a)(1)(B). It is also an arguable proposition that, at least in some circumstances, a district court can legitimately abstain from enforcing its remedial consent order in a case over which the state courts have concurrent jurisdiction where a forum selection clause in the contract underlying the claim bars suit in federal court. But we need not decide the question whether the district court would have abused its discretion had it abstained in such a case, for this action cannot properly be construed as arising under section 502(a)(1)(B) of ERISA, 29 U.S.C. Sec. 1132(a)(1)(B), over which there is concurrent jurisdiction; rather it must be construed as one under section 502(a)(3), 29 U.S.C. Sec. 1132(a)(3), over which federal jurisdiction is exclusive.[3]
 
 
 6
 The difference between actions brought under subsection (a)(1)(B) and (a)(3) of ERISA is often difficult to discern in situations such as this one where the complaint is unspecific.[4] Nonetheless, in the unusual situations (such as an action brought in state court or a case such as this where federal abstention is under consideration) where it is necessary to make the distinction between (a)(1)(B) and (a)(3) actions and where the parties have not or cannot do so, a parsing of the statute and consideration of its legislative history provides some guidance.
 
 
 7
 One such guiding factor is that actions under subsection (a)(1)(B) may be brought by "a participant or beneficiary" while actions under subsection (a)(3) may be brought by a "participant, beneficiary, or fiduciary." Except for situations, however, where it can be easily determined that the plaintiff is a fiduciary and is not also a beneficiary or participant, the court may not be able definitively to discern the nature of the action from the identity of the parties alone.
 
 
 8
 An examination of the relief sought in an unspecific complaint may nonetheless help the court to discern its fount of jurisdiction, and thereby to determine whether its jurisdiction is exclusive or concurrent. A parsing of the statute's language suggests that actions brought under section (a)(1)(B) of section 502 of ERISA are personal in nature. They seek to declare the plaintiff beneficiary's rights under the plan, to recover benefits personally due him, or to enforce his personal rights.[5] Actions brought under subsection (a)(3), however, tend to be more broad-based, drawing the court's remedial focus to structural, systematic violations of the ERISA scheme.
 
 
 9
 Finally, an examination of the law relied upon in making a claim under an unspecified subsection of ERISA section 502 can also help (in the unusual instances where it is necessary) to distinguish actions over which federal court jurisdiction is exclusive from actions in which it is concurrent. As the legislative history surrounding ERISA shows, federal courts were intended to have exclusive jurisdiction over cases alleging a violation of a particular provision of ERISA or a particular provision of an ERISA plan. "However, with respect to suits to enforce benefit rights under the plan or to recover benefits under the plan which do not involve the title I [of ERISA] provisions, they may be brought not only in U.S. district courts but also in State courts of competent jurisdiction." H.R.Rep. No. 1280, 93d Cong., 2d Sess. 327, reprinted in 1974 U.S.Code Cong. & Ad.News 5038, 5107; see also Note, The Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA, 96 Harv.L.Rev. 737, 740-41 (1983) (attempting to distinguish relief available in (a)(1)(B) actions from that available in (a)(3) actions). While application of this distinction may not always yield a certain result, particularly in cases such as this where the record is brief and the pleadings are opaque, it may be of some assistance where a particular section of ERISA is alleged to give rise to the cause of action.
 
 
 10
 Based on an examination of these factors and the record in this case, we believe it is clear that plaintiffs brought this action under section 502(a)(3) of ERISA and that federal jurisdiction is accordingly exclusive. There is nothing in the record suggesting that plaintiffs Livolsi and Betler are participants or beneficiaries of the ERISA plan involved here and nothing rebutting an inference that they are fiduciaries. Further, there is much to support an inference that they are fiduciaries. The caption and the second paragraph of the complaint identify the plaintiffs as acting on behalf of the welfare and pension funds. Moreover, plaintiff Betler is an employer-designated trustee of the welfare and pension funds at stake here. While it is possible, we suppose, that an employer would nominate an employee-beneficiary to such a position, we think it somewhat doubtful.
 
 
 11
 Second, the relief sought here is of the more broad-based, structural type that we have identified as typifying actions brought under subsection (a)(3). Plaintiffs do not seek back benefits owed them personally. Instead plaintiffs, as representatives of the trust fund, seek benefits owed the trust and seek to enjoin unlawful practices by defendant Ram and to order defendant Ram to pay the Welfare Trust Fund the money owed. Finally, at least the Sixth Circuit has held by implication that federal courts have exclusive jurisdiction under ERISA section 502(a)(3) over suits by fiduciaries of a benefit trust alleging violations of an employer's duty under a collective bargaining agreement to make payments into the benefits trust. See Laborers Fringe Benefit Funds--Detroit and Vicinity v. Northwest Concrete and Construction, Inc., 640 F.2d 1350 (6th Cir.1981) (per curiam).
 
 
 12
 Under these circumstances, there can be no doubt that the action was brought under section 502(a)(3) of ERISA and that the federal courts had exclusive jurisdiction over the case. At least where the federal courts retain no power to vacate the determination of the state courts, such destruction of exclusive federal jurisdiction, even by consent, is not permissible. Cf. Wharton-Thomas v. United States, 721 F.2d 922, 930 (3d Cir.1983) (discussing constraints on power of Congress to allow non-article III adjudicators to handle cases committed to federal courts).[6] Accordingly, we will reverse the judgment of the district court and remand for proceedings consistent with this opinion.
 
 
 
 *
 Honorable Clarence C. Newcomer, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 Defendant Ram Construction Company is now in bankruptcy. Plaintiffs properly sought and obtained leave from the automatic stay before filing this appeal
 
 
 [2]
 Plaintiffs did not bring any action against the defendant officers under ERISA. Thus, it appears that the defendant officers are before the federal court on the basis of claims lodged under state law. But cf. Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) (holding no pendent party jurisdiction over non-diverse defendants when underlying suit brought under 42 U.S.C. Sec. 1983)
 
 
 [3]
 We add that the facts of the case here differ from those asserted in the "arguable proposition" discussed in text in that the parties signed a statement here (the consent order) declaring that the federal courts had jurisdiction over the case. Since this stipulation does not constitute the creation of jurisdiction by consent--there is no doubt that the federal courts have at least concurrent jurisdiction--this mutually signed statement would appear to waive any rights existing under the forum selection clause contained in the collective bargaining agreement. We also would have serious concerns about such abstention where it would delay or inhibit exercise of remedies needed to enforce federal rights
 
 
 [4]
 The text of the two provisions reads as follows:
 (a) a civil action may be brought--(1) by a participant or beneficiary--... (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
 ... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of this plan.
 
 
 [5]
 Our discussion here is not intended to rule out the possibility of individual beneficiaries bringing class actions under subsection (a)(1)(B) or to suggest that such class actions might not in fact have much the same effect as actions brought under subsection (a)(3)
 
 
 [6]
 It would be of no avail for appellees to argue that the Federal Arbitration Act, 9 U.S.C. Secs. 1-14 (1976), permits parties to waive exclusive federal jurisdiction. The Federal Arbitration Act does not apply where the parties agree to settle their claims in state court and not in federal court. Thus, the procedural safeguards of the Federal Arbitration Act, and its assurance of potential involvement by Article III judges does not apply