Frank ALLEGRA, Frank P. Cava, Robert M. Mill, Leonard Murgi, Clair D. Morris and Anthony J. Fiumara, Trustees for the Iron Workers Welfare and Pension Plans of Western Pennsylvania and the Iron Workers Local No. 3 Annuity Plan, and as agent for the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 3, AFL–CIO, Plaintiffs,

v.

MAY WELDING & CONSTRUCTION CO., INC., Bernard H. May and Gloria May, Defendants.

Civ. A. No. 82–1160.

United States District Court, W.D. Pennsylvania. Pittsburgh Division.

Nov. 21, 1985.

Jeffrey J. Leech, Tucker, Arensberg, Very & Ferguson, Pittsburgh, Pa., for plaintiffs.

William J. Murray, Pittsburgh, Pa., for defendants.

### MEMORANDUM OPINION

TEITELBAUM, District Judge.

The trustees for the Iron Workers Welfare and Pension Plans of Western Pennsylvania and the Iron Workers Local No. 3 Annuity Plan (Plans) brought this action against May Welding & Construction Co., Inc., and its corporate officers, Bernard H. May and Gloria May, to recover delinquent payments due the Plans under a collective bargaining agreement. The trustees claim the corporate defendant is liable for the payments, interest, liquidated damages and

attorney's fees under §§ 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(g)(2) and 1145. Jurisdiction over the corporate defendant is premised on § 502(e) of ERISA, 29 U.S.C. § 1132(e), and also on § 301 of the Labor Management Relations Act (Taft-Hartley Act), 29 U.S.C. § 185. The trustees also claim the corporate officers are personally liable under Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* Jurisdiction over the corporate officers is asserted under pendent party jurisdiction.

The corporate officers have moved for dismissal of the state law claims asserted against them. It is agreed that there is no independent basis of federal jurisdiction over the corporate officers. *See Combs v. Indyk,* 554 F.Supp. 573 (W.D.Pa.1982). The sole question presented is whether there is jurisdiction over state law claims closely related to federal claims within the exclusive jurisdiction of the federal courts, when the state law claims are asserted against parties as to whom there is no independent basis of federal jurisdiction.

*Ambromovage v. United Mine Workers of America,* 726 F.2d 972, 989–991 (3d Cir. 1984) establishes an analysis of pendent jurisdiction on three tiers: the constitutional level, the statutory level and the prudential level. At the first level, the court must determine whether it has the constitutional power to determine the state law claim. This depends on whether there is a "common nucleus of operative fact" between the federal and state claims under *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). At the second level, the court must determine whether the exercise of pendent jurisdiction would violate a federal policy limiting jurisdiction. This generally involves a question of statutory interpretation, as in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). At the third level, the court must, in its discretion, weigh the factors bearing on the appropriateness of hearing the state law claim:

convenience, judicial economy, fairness to litigants and the interests of federalism.

In the present case the alleged failure of the corporate defendant to make payments on behalf of one of its employees gives rise to both the federal claims asserted against the corporate defendant and the state law claims asserted against the corporate officers. Thus, the exercise of pendent jurisdiction over the state law claims against the corporate officers is constitutionally permissible.

The second level of analysis identified in *Ambromovage,* whether the exercise of pendent jurisdiction would violate a federal policy limiting jurisdiction, is derived from *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). *Aldinger* held the exercise of pendent jurisdiction over state law claims asserted against a county, although closely related to civil rights claims asserted against individuals, violated the policy of the civil rights statute which excluded municipalities from liability. Nevertheless *Aldinger* recognized the limits of its holding:

> Other statutory grants and other alignments of parties and claims might call for a different result. When the grant of jurisdiction to a federal court is exclusive, for example, as in the prosecution of tort claims against the United States under 28 U.S.C. § 1346, the argument of judicial economy and inconvenience can be coupled with the additional argument that *only* in a federal court may all of the claims be tried together.

427 U.S. at 18, 96 S.Ct. at 2422.

Following *Aldinger* at least five Courts of Appeals have held that there is pendent party jurisdiction over "non-federal" parties where one party is sued under an exclusive grant of federal jurisdiction: *Lykins v. Pointer, Inc.,* 725 F.2d 645 (11th Cir.1984) (Federal Tort Claims Act); *Stewart v. United States,* 716 F.2d 755 (10th Cir.1982), *cert. denied,* —— U.S. ——, 105 S.Ct. 432, 83 L.Ed.2d 359 (1984) (Federal Tort Claims Act); *Weinberger v. Kendrick,* 698 F.2d 61 (2d Cir.1982), *cert. denied,* 464

U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983) (Securities Exchange Act); *Artiz v. United States,* 595 F.2d 65 (1st Cir.1979) (Federal Tort Claims Act); *Dick Meyers Towing Service, Inc. v. United States,* 577 F.2d 1023 (5th Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979) (Federal Tort Claims Act). At least one Court of Appeals has gone the other way: *Ayala v. United States,* 550 F.2d 1196 (9th Cir.1977), *cert. dismissed,* 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978) (Federal Tort Claims Act). *See also Kyriazi v. Western Electric Co.,* 476 F.Supp. 335, 337 n. 3 (D.N.J.1979). The Court of Appeals for the Third Circuit has not yet decided the issue.

An action by a fiduciary to recover delinquent contributions under ERISA is within the exclusive jurisdiction of the federal courts. *Livolsi v. Ram Construction Co., Inc.,* 728 F.2d 600 (3d Cir.1984). In the present case the trustees' ERISA claims against the corporate defendant and the state law claims against the corporate officers are "such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding," *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138, and "only in a federal court may all of the claims be tried together," *Aldinger,* 427 U.S. at 18, 96 S.Ct. at 2422. It does not appear that the exercise of pendent jurisdiction over the state law claims asserted against the corporate officers would violate any federal policy embodied in ERISA. The Court of Appeals for the Third Circuit has implicitly recognized that an exercise of pendent jurisdiction in these circumstances does not offend ERISA. *Livolsi,* 728 F.2d at 601 n. 2.

Finally, at the third level of analysis identified in *Ambromovage,* all of the prudential factors point to the appropriateness of the exercise of pendent jurisdiction in this case.

Accordingly the motion of the corporate officers to dismiss the state law claims against them will be denied. An appropriate order will issue.