Robert F. REITHMILLER, M.D.,
Plaintiff-Appellant,

v.

BLUE CROSS & BLUE SHIELD OF MICHIGAN, Blue Cross & Blue Shield of Michigan Retirement Income Plan, Defendant-Appellee.

No. 86–1881.

United States Court of Appeals,
Sixth Circuit.

Argued June 11, 1987.

Decided July 29, 1987.

Patrick Burkett, Sommers, Schwartz, Silver, and Schwartz, P.C., Southfield, Mich., Donald J. Gasiorek (argued), for plaintiff-appellant.

Karen S. Kienbaum (argued), Detroit, Mich., Kristine J. Galien, for defendant-appellee.

Before WELLFORD, MILBURN and NELSON, Circuit Judges.

MILBURN, Circuit Judge.

Plaintiff Robert F. Reithmiller appeals from the summary judgment granted by the district court in favor of defendant Blue Cross & Blue Shield of Michigan

("BCBSM"). For the reasons that follow, we affirm.

## I.

Plaintiff was hired by BCBSM as a part-time consulting physician on March 15, 1976. His employment was terminated on January 5, 1981. Plaintiff subsequently filed suit against defendant in Michigan's Wayne County Circuit Court, alleging that his employment was terminated as a result of age discrimination. Following a bench trial, plaintiff was awarded back pay and damages for lost fringe benefits. However, the circuit court declined to award damages for lost pension benefits on the ground that, because plaintiff's interest would not vest until March 1986, such an award would have been speculative.

At the trial, Dr. Reithmiller testified that his pension rights would have vested in October 1982. However, he also introduced a benefit summary indicating that his interest would not have vested until March 1986, after ten years of service.

After the trial, plaintiff sought to reopen the proof in an attempt to establish that the Wayne County Circuit Court's decision regarding the vesting date was incorrect. In support of his motion plaintiff produced, for the first time, a response to an interrogatory in which BCBSM indicated that plaintiff's interest would have vested on October 1, 1982.

The Wayne County Circuit Court denied plaintiff's motion to reopen on the ground that plaintiff should have produced this evidence during the course of the trial. The judgment of the Wayne County Circuit Court was affirmed on appeal. *Riethmiller v. Blue Cross & Blue Shield of Michigan*, 151 Mich.App. 188, 390 N.W.2d 227 (1986).

Plaintiff subsequently initiated the present action in the United States District Court for the Eastern District of Michigan, alleging that defendant's failure to pay pension benefits violated the Employee Retirement Income Security Act of 1974 (ERISA).

In the district court, the parties filed cross-motions for summary judgment. The district court granted defendant's motion on the ground that further litigation of the pension issue was precluded by the doctrine of collateral estoppel. In this appeal, plaintiff contends that the district court's conclusion is erroneous.

## II.

■ Although the district court apparently disposed of the present dispute on the basis of collateral estoppel (issue preclusion), we believe that the appropriate disposition rests upon the broader doctrine of res judicata (claim preclusion). Under Michigan law,[1] three conditions must be satisfied before res judicata will be invoked to preclude further litigation:

> (1) the prior action must have been decided on its merits; (2) the issues raised in the second case either were resolved in the first, or, through the exercise of reasonable diligence, might have been raised and resolved in the first case; (3) both actions involved the same parties or their privies.

*Fellowship of Christ Church v. Thorburn*, 758 F.2d 1140, 1144–45 (6th Cir.1985) (per curiam); *see Hackley v. Hackley*, 426 Mich. 582, 395 N.W.2d 906 (1986); *Sloan v. City of Madison Heights*, 425 Mich. 288, 389 N.W.2d 418 (1986). Rather than focusing on the existence of these elements in the present case, *plaintiff presents a single argument on appeal; viz.,* that the state court judgment cannot be given preclusive effect because the state court lacked subject matter jurisdiction to consider the ERISA claim.[2]

---

**1.** It is axiomatic that we must give state court judgments the same preclusive effect they would have in the rendering state. *Lesher v. Lavrich*, 784 F.2d 193, 195 (6th Cir.1986).

**2.** At oral argument, plaintiff intimated that BCBSM and the BCBSM plan could not be considered the same party for purposes of the appli-

cation of res judicata. Because this argument was not briefed, it was not properly preserved for appellate review. *See Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 560 (7th Cir.1985); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir.1985); *International Union of Bricklayers & Allied*

Plaintiff's argument reflects a misunderstanding of the distinction between pre-emption of a state's substantive law and pre-emption of a state court's power to adjudicate. This distinction was carefully considered by the Supreme Court in *International Longshoremen's Association v. Davis*, 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986), the very case upon which plaintiff relies. In considering the pre-emptive scope of the National Labor Relations Act (NLRA), the Court noted:

> "Congress did not merely lay down a substantive rule of law to be enforced by any tribunal competent to apply law generally to the parties. It went on to confide primary interpretation and application of its rules to a specific and specially constituted tribunal and prescribed a particular procedure for investigation, complaint and notice, and hearing and decision, including judicial relief pending a final administrative order."

*Id.* at 1911 (quoting *Garner v. Teamsters*, 346 U.S. 485, 490–91, 74 S.Ct. 161, 165–66, 98 L.Ed. 228 (1953)).

■ ERISA, unlike the NLRA, expressly provides that state courts have the power to adjudicate certain disputes, including actions by a beneficiary to enforce his rights or recover benefits under an ERISA plan. *See* 29 U.S.C. §§ 1132(a)(1) and 1132(e)(1); *see generally Jameson v. Bethlehem Steel Corp. Pension Plan*, 765 F.2d 49, 51 (3d Cir.1985); *Livolsi v. Ram Construction Co.*, 728 F.2d 600, 601 (3d Cir.1984). Thus, under circumstances such as those presented by the case before us, ERISA exemplifies a statutory scheme in which Congress did " 'lay down a substantive rule of law to be enforced by any [state or federal court] competent to apply law generally to the parties.' " *Davis*, 106 S.Ct. at 1911 (quoting *Garner*, 346 U.S. at 490, 74 S.Ct. at 165). Accordingly, plaintiff's challenge to the application of the doctrine of res judicata based on the lack of subject matter jurisdiction must fail.

### III.

Because we conclude that the argument presented on appeal is without merit, the judgment of the district court is AFFIRMED.

---

*Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985); *Pignons S.A. de Mecanique v. Polaroid Corp.*, 701 F.2d 1, 4 (1st Cir.1983) ("In preparing briefs and arguments, an appellee is entitled to rely on the content of an appellant's brief for the scope of the issues appealed, and appellant generally may not preserve a claim merely by referring to it in a reply brief or at oral argument."); *cf.*

*Lewis Refrigeration Co. v. Sawyer Fruit, Vegetable & Cold Storage Co.*, 709 F.2d 427, 431 n. 3 (6th Cir.1983) (boilerplate language in brief insufficient to preserve issue on appeal). *We note that in the proceedings before the district court, plaintiff argued that the parties were in privity.* Joint Appendix at 26. Under this set of circumstances, we decline to consider the issue on appeal.