974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Grover W. BOOTH and John Thomas Lynch, Defendant-Appellant.
 Nos. 91-6434, 91-6497.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 * PER CURIAM.
 
 
 1
 In 1990 the Bureau of Alcohol, Tobacco, and Firearms along with local authorities in Lexington, Kentucky, established a pawn shop as part of an undercover sting operation. On September 25, 1990, Grover Booth and John Thomas Lynch met an informant at the pawn shop to sell the informant forty tablets of dilaudid. After the sale was completed, the undercover officers in the store mentioned that they would be interested in purchasing firearms. The following day, Lynch returned with a .308 caliber rifle, which he sold to the undercover agents for eighty dollars. The two were subsequently arrested. Lynch was charged with possession with intent to distribute dilaudid, conspiracy to possess with intent to distribute dilaudid, and with being a felon in possession of a firearm. He pled guilty to the firearms charge and the drug charges were dropped. At sentencing, the district court determined that he was an armed career criminal and enhanced his sentence pursuant to 18 U.S.C. § 924(e)(1). Lynch now challenges the indictment charging him with the firearms violation and the constitutionality of the Armed Career Criminal Act. Booth was charged with possession with intent to distribute dilaudid and conspiracy to possess with intent to distribute dilaudid. He pled guilty to the first charge and the second was dropped. He now challenges the sentence imposed after his guilty plea. We affirm the district court in all respects as to both Lynch and Booth.
 
 II
 
 2
 Lynch pled guilty to violating 18 U.S.C. § 922(g)(1), which makes it a crime for one "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition." Lynch contends that his conviction was improper because he was restored to his civil liberties, which under 18 U.S.C. § 921(a)(20) immunizes him from section 922.
 
 
 3
 It is undisputed that Lynch "has been convicted ... of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). He claims that he "has had [his] civil rights restored" under state law, within the meaning of section 921(a)(20). By enacting this section, Congress intended to allow the states to determine whether a particular felon presents a "potential for serious unlawful activity," thereby subjecting him to the restrictions of section 922, by deciding whether to restore the felon's civil rights. United States v. Cassidy, 899 F.2d 543, 547-49 (6th Cir.1990). We look to the whole of state law to determine whether a felon's civil rights have been restored. Id. at 546. Specifically, we look to whether the defendant is entitled to vote, hold public office, serve on a jury, and possess a firearm. Id. at 549. To satisfy section 921(a)(20), these rights need not be restored in full, but their restoration must more than de minimis. Id.
 
 
 4
 Lynch's criminal history includes several felony convictions in the Commonwealth of Kentucky. He was convicted of armed robbery and of trafficking in a controlled substance in 1974, of robbery in 1981, of burglary, receiving stolen property, and transportation of a stolen motor vehicle in 1984, and of theft in 1989. As a result of his prior felony convictions, Lynch forfeited various civil rights, including the right to vote, Ky.Const. § 145, the right to hold public office, Ky.Const. § 150, the right to sit on a jury, Ky.Rev.Stat.Ann. § 29A.080, and the right to possess a handgun, Ky.Rev.Stat.Ann. § 527.040. These disabilities may only be removed by an executive pardon. Ky.Const. §§ 145(1), 150; Ky.Rev.Stat.Ann. §§ 29A.080(2)(e), (3); Ky.Rev.Stat.Ann. § 527.040(1). Lynch has presented no evidence that he has received an executive pardon or has otherwise been restored to any of these civil rights. Therefore, he is not covered by the section 921(a)(20) exception to section 922. See Cassidy, 899 F.2d at 549.
 
 
 5
 Lynch submits that United States v. Dahms, 938 F.2d 131 (9th Cir.1991), compels reversal of his conviction. This is unavailing. First, Dahms was repudiated by this circuit in United States v. Driscoll, No. 91-1583, 1992 WL 165328, 1992 U.S.App. LEXIS 16139 (6th Cir. July 16, 1992) (publication pending). Second, Dahms involved Michigan law, which restores the felon's rights to vote and hold public office at the conclusion of the felon's incarceration. Kentucky has no such statute and, unlike the felon in Dahms, Lynch was never restored to any of these rights.
 
 
 6
 Lynch also argues that Kentucky law did not prevent him, as a felon, from possessing a rifle. Thus, he concludes, his civil right to possess such a weapon was "restored." This is unpersuasive. Section 922(g) applies to all convicted felons in possession of a firearm, which plainly includes Lynch. Section 921(a)(20) only exempts those felons whose civil rights have been restored under state law. Hence, we do not look to Kentucky law to determine whether the Commonwealth prohibited Lynch from possessing a rifle. Instead, we inquire only whether the Commonwealth has substantially restored Lynch's civil rights, and thereby whether Kentucky regards Lynch as a person who poses a potential for serious unlawful activity. Cassidy, 899 F.2d at 547-49. The Commonwealth has not restored Lynch's civil rights. Therefore he was properly held subject to section 922(g)(1). Driscoll, 1992 WL 165328, 1992 U.S.App. LEXIS at * 25 -* 28.
 
 III
 
 7
 Lynch next contends that his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), constitutes cruel and unusual punishment in violation of the Eighth Amendment. This circuit has already held that the ACCA does not violate the Eighth Amendment's proscription of cruel and unusual punishment. United States v. Pedigo, 879 F.2d 1315, 1320 (6th Cir.1989). Lynch is a hopeless recidivist. From the time he turned eighteen to the time of his arrest on the present charges at age forty, Lynch has amassed at least seventeen misdemeanor and felony convictions. Lynch will not be heard to complain that the sentence he received after compiling such a record was cruel and unusual. Id.[1]
 
 IV
 
 8
 On November 2, 1989, Booth took part in a sale of dilaudid. On September 25, 1990, Booth sold forty dilaudid tablets to a Bureau of Alcohol, Tobacco, and Firearms informant. On November 9, 1990, Louisville police searched Booth's residence and found dilaudid, valium, and paraphernalia. Charges based on the first and third of these episodes were brought in state court. On March 19, 1991, Booth pled guilty and received a one year prison sentence on the first episode and a ten year sentence on the third. The sentences were ordered to run consecutively. Booth was charged in federal court with the September 25 conduct. Again, he pled guilty and was sentenced on December 4, 1991 to twenty-seven months imprisonment to run consecutively with his state sentences. Booth claims that the district court erred in ordering this sentence to run consecutively rather than concurrently with his state sentences.
 
 
 9
 Booth's argument is limited to the contention that the district court was required to apply U.S.S.G. § 5G1.3(b). Subsection (b) would require that Booth receive concurrent sentences if the sentences "resulted from offense(s) that constituted part of the same course of conduct ... and have been fully taken into account in the determination of the offense level for the instant offense." Booth contends that the three episodes were part of the same course of conduct. Assuming arguendo that this is the case, the state convictions were not taken into account in determining Booth's offense level. Nor were they included as relevant conduct. In fact, they were not even used to increase Booth's criminal history score. As such, subsection (b) does not apply here, and the district court properly refused to sentence Booth under it. See U.S.S.G. § 5G1.3 application note 2.
 
 
 10
 Subsection (c) provides that "[i]n any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior unexpired term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. § 5G1.3(c). The district court did not err in imposing Booth's sentence under this subsection.
 
 V
 
 11
 For the foregoing reasons, the conviction and sentence of John Thomas Lynch is affirmed and the sentence of Grover Booth is affirmed.
 
 
 
 [1]
 Lynch raised several other arguments for the first time at oral argument. As they have not been briefed, we will not consider them. Reithmiller v. Blue Cross and Blue Shield, 824 F.2d 510, 511 n. 12 (6th Cir.1987)