37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dennis J. STEWART, Plaintiff-Appellant,
v.
LSI CREDIT UNION; Brian Coselmon; Maxine Forward; Charles
Hiemstra; Joseph Sukup; Michigan Creditors
Services, jointly and severally,
Defendants-Appellees.
 No. 94-1248.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and McCALLA, District Judge.*
 
 ORDER
 
 2
 Dennis J. Stewart, a pro se Michigan resident, appeals the summary judgment for defendants and the imposition of sanctions in this action filed under 42 U.S.C. Sec. 1983 and the Fair Debt Collection Practices Act, 15 U.S.C. Secs. 1601 et seq. Defendants have filed a motion to dismiss and a request for attorney fees. Both parties have requested an award of costs. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Stewart filed this action for monetary damages against a credit union, two of its employees, two attorneys retained by the credit union, and an agency which repossessed his automobile. His third amended complaint alleged that the attorneys had unlawfully restrained him, in violation of his constitutional rights, at a deposition conducted in a state court collection proceeding, that the defendants had deprived him of property without due process when his car was repossessed, that the defendants had conspired to repossess his car in violation of state law and that the credit union and the attorneys had violated the Fair Debt Collection Practices Act. The parties agreed to refer this matter to a magistrate judge, who granted defendants' motions for summary judgment and awarded the credit union $1,500 in sanctions under Fed.R.Civ.P. 11.
 
 
 4
 On appeal, Stewart contends that the timing of the entry of summary judgment prevented him from filing a fourth amended complaint. He also disputes the findings of the magistrate judge on the merits of his claims. Upon review, we find no error.
 
 
 5
 Initially, it is noted that defendants' motion to dismiss must be denied, as it is not based on lack of jurisdiction, but is more properly construed as a motion to affirm, which is not authorized under Rule 8(a), Rules of the Sixth Circuit.
 
 
 6
 The summary judgment for defendants on the merits of the claims is affirmed, as there is no genuine issue of fact and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Stewart's claim of unlawful restraint fails, as the circumstances described are not so egregious as to state a constitutional claim. See Coogan v. City of Wixom, 820 F.2d 170, 175 (6th Cir.1987). His claim of deprivation of property without due process fails because he did not demonstrate that state remedies were inadequate to redress this complaint. See Watts v. Burkhart, 854 F.2d 839, 843 (6th Cir.1988). The magistrate judge also correctly concluded that Stewart's claims under the Fair Debt Collection Practices Act were barred by claim preclusion based on the state court collection action, which was resolved on the merits, did or could have addressed these claims, and involved the same parties. See Reithmiller v. Blue Cross & Blue Shield, 824 F.2d 510, 511 (6th Cir.1987). Stewart's claim of irregularity in the state court proceedings does not entitle him to bring the same cause of action in another forum. Finally, the magistrate judge properly declined to exercise supplemental jurisdiction over Stewart's state law claim when the federal claims were all disposed of. 28 U.S.C.A. Sec. 1367 (1993).
 
 
 7
 Finally, the award of Rule 11 sanctions must be affirmed, as Stewart has not demonstrated any abuse of discretion by the magistrate judge in finding that his conduct in filing this action was unreasonable. See INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 401-02 (6th Cir.), cert. denied, 484 U.S. 927 (1987).
 
 
 8
 Defendants' request for attorney fees will be denied due to Stewart's lack of any record of previous frivolous litigation. See Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987). Stewart's request for costs is also denied. Defendants may submit a bill of costs for the court's consideration.
 
 
 9
 The motion to dismiss is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jon P. McCalla, U.S. District Judge for the Western District of Tennessee, sitting by designation