41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert W.G. CLANTON, Plaintiff-Appellant,
v.
Robert J. VERTALKA; Judith Vertalka; John Vertalka,
Defendants-Appellees.
 No. 94-1567.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: ENGEL, MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Herbert Clanton, a pro se Michigan resident, appeals a district court order dismissing his complaint which alleged that the defendants engaged in housing discrimination and entered into an illegal contract with plaintiff. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The facts of this case as outlined in plaintiff's complaint are difficult to discern. It appears that Clanton sought a determination that a 1986 rental contract between Clanton and the defendants was illegal, that he was evicted by defendants on account of his race, that a 1986 state court judgment failed to reimburse him for his security deposit, and that Clanton was entitled to an order setting aside the judgments of the Michigan District Court and Michigan Circuit Court and prohibiting defendants from collecting on a 1986 state-court judgment.
 
 
 3
 The district court granted summary judgment in favor of the defendants and dismissed the case. On appeal, Clanton continues to argue the merits of his case. He requests oral argument.
 
 
 4
 Upon de novo review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Clanton is doing nothing more than attempting to relitigate an eight-year old landlord/tenant case which was already decided by the Michigan state courts. The doctrines of res judicata and collateral estoppel prohibit Clanton from relitigating those judgments in the federal courts. See Montana v. United States, 440 U.S. 147, 153-54 (1979); White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). Where a plaintiff seeks to relitigate in federal court the same claims that had earlier been decided in state court, the claims are to be given the same preclusive effect as they would be given under the law of the state in which judgment was entered. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Michigan law precludes Clanton from raising his claims against the defendants based on res judicata and collateral estoppel. See Reithmiller v. Blue Cross & Blue Shield, 824 F.2d 510, 511 (6th Cir.1987); see also Wood v. Fabricators, Inc., 473 N.W.2d 735, 739 (Mich.Ct.App.), appeal denied, 478 N.W.2d 468 (Mich.1991).
 
 
 5
 To the extent that Clanton is attempting to bring a new lawsuit for damages against the defendants, that suit is barred by the three-year statute of limitations applicable to civil rights actions in Michigan. M.C.L. Sec. 600.5805(8); Jones v. City of Hamtramck, 905 F.2d 908, 909 (6th Cir.) (per curiam), cert. denied, 495 U.S. 908 and 498 U.S. 903 (1990). The conduct about which Clanton complained occurred in November 1986, over seven years before he filed this lawsuit in the federal district court on January 20, 1994.
 
 
 6
 Accordingly, we deny Clanton's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.