110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce B. FELDER, et al., Plaintiffs, Appellee,
v.
COMMUNITY MUTUAL INSURANCE CO., Defendant, Appellant.
 No. 96-3320.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1997.
 
 Before: KENNEDY, CONTIE, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant appeals a magistrate judge's final judgment after trial in favor of plaintiffs in this action to recover benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. The court found that defendant wrongly revoked plaintiffs' coverage and denied benefits after determining that plaintiffs had omitted pertinent information from their application for coverage. Defendant contends that the magistrate judge erred (1) in denying its motion for judgment on the pleadings or for summary judgment based upon the defense of res judicata; (2) in failing to consider as untimely its motion for summary judgment; (3) in failing to dismiss plaintiffs' complaint upon hearing the evidence; and (4) in finding in favor of plaintiffs through the application of an improper standard of review. Because we find that this action is barred under Ohio's doctrine of res judicata, we REVERSE.
 
 I. Facts
 
 2
 Plaintiffs Bruce, Linda, Todd, and Traci Felder contracted as a family for health insurance benefits provided by defendant Community Mutual Insurance Company (CMIC) through Bruce Felder's employer, Major Financial Services (MFS). MFS sponsored a group plan whereby CMIC provided health insurance to its employees and their families. CMIC required each family seeking coverage to complete an application entitled "Small Group Employee Application." On August 1, 1990, Bruce and Linda Felder executed an application in order to obtain coverage for themselves and their two children. Part A of the application included a series of eight questions for all persons to be covered. Question Three asked:
 
 
 3
 Has anyone ever had high blood pressure, high chloresterol, heart disease, cancer, diabetes, arthritis, asthma, counseling by a medical/social practitioner for emotional, mental or nervous condition, been treated or advised to seek treatment for alcohol or chemical dependency or been convicted for DUI/DWI?
 
 
 4
 Plaintiffs responded "no" to this question by typing two X's in the appropriate box. Bruce and Linda Felder signed the application, certifying that they had provided accurate information.
 
 
 5
 MFS forwarded all of its employees' applications to CMIC. Subsequently, CMIC issued group health insurance coverage to MFS's employees, including plaintiff Bruce Felder and his family. The policy became effective October 1, 1990.
 
 
 6
 On May 17, 1991, Ila B. Johnson, Ph.D., submitted a medical claim form for payment for services rendered. Specifically, the claim sought payment of $270.00 for three "1 hr individual psychotherapy" sessions that Johnson had had with Linda Felder. CMIC's claims system determined that this claim had to be investigated for a pre-existing condition because it involved a "mental/nervous" condition. Upon investigation, CMIC concluded that the Felders' policy should be rescinded because (1) Linda Felder had had sixteen counselling sessions for depression in the eight-month period immediately preceding the execution of the application and (2) the Felders had answered "no" to Question Three in Part A and had failed to disclose Linda Felder's treatment on the health insurance application. In a letter dated August 21, 1991, CMIC notified Bruce Felder that it had cancelled his family's coverage retroactive to October 1, 1990.
 
 
 7
 On November 1, 1991, plaintiffs filed a complaint against CMIC in the Court of Common Pleas for Cuyahoga County, Ohio, alleging state law causes of action based on bad faith and fraud. Plaintiffs sought compensatory damages of $25,000, punitive damages, and a determination that they were entitled to reinstatement of their health insurance coverage.
 
 
 8
 The Felders and CMIC filed cross-motions for summary judgment. On February 25, 1993, the state court granted summary judgment to CMIC. The state court did not issue an opinion explaining its reasons for granting CMIC's motion, but rather indicated its disposition with the following statement in the court's journal entries for the case:
 
 
 9
 PLTFS MOTION FOR SUMMARY JUDGMENT FILED 7-2-92 IS OVERRULED. DEFTS CROSS MOTION FOR SUMMARY JUDGMENT FILED 9-30-92 IS GRANTED. FINAL.
 
 
 10
 The Felders filed an appeal, but, according to the state court's journal, the appeal was dismissed on July 7, 1993.
 
 
 11
 On August 24, 1993, plaintiffs initiated this action against CMIC in the Northern District of Ohio. Plaintiffs alleged a cause of action under ERISA, as well as state law claims based on bad faith and fraud. For relief, plaintiffs sought $50,000 in compensatory damages, $500,000 in punitive damages, a determination that the insurance contract was vague and ambiguous, and a determination that CMIC improperly rescinded the insurance contract.
 
 
 12
 On January 27, 1994, CMIC filed a motion for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c), maintaining that the judgment in the state court action precluded plaintiffs' federal action. On January 28, 1994, the magistrate judge dismissed the bad faith, fraud, and punitive damages counts of the complaint on the ground that ERISA preempted these causes of action.[1] On June 30, 1994, the magistrate judge denied CMIC's Rule 12(c) motion, finding that the state court judgment was not a final decision on the merits and, thus, did not have preclusive effect under Ohio law.
 
 
 13
 On December 9, 1994, CMIC filed a motion for leave to file a motion for summary judgment. CMIC argued that it was entitled to judgment as a matter of law because its decision to rescind coverage was not arbitrary or capricious. On December 22, 1994, the magistrate judge denied this motion as untimely.
 
 
 14
 The case proceeded to a bench trial on April 26, 1995, before the magistrate judge. At the close of evidence, CMIC moved for judgment in its favor; the judge denied the motion. On December 20, 1995, the magistrate judge issued his findings of fact and conclusions of law in favor of plaintiffs. The judge issued a judgment against CMIC in the amount of $38,705.60.
 
 
 15
 CMIC filed a post-trial motion under FED.R.CIV.P. 59 for a new trial or to alter or amend the judgment. On February 12, 1996, the judge denied CMIC's motion for a new trial. However, the judge granted its motion to amend the judgment and issued a final judgment in the reduced amount of $26,054.30. This timely appeal followed.
 
 II. Discussion
 A. Standards of Review
 
 16
 CMIC appeals the magistrate judge's denial of its motion for judgment on the pleadings or for summary judgment on the ground that plaintiffs' action was barred under the doctrine of res judicata. After accepting all the factual allegations of the complaint as true, we must determine de novo "whether the moving party is entitled to judgment as a matter of law." See Astor v. International Bus. Machs. Corp., 7 F.3d 533, 538 (6th Cir.1993) (quoting Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993)).
 
 B. Res Judicata
 
 17
 CMIC maintains that the prior state court judgment precludes this federal action. The full faith and credit statute, 28 U.S.C. § 1738, requires a federal court to give a state court judgment the same preclusive effect such judgment would have in a state court.[2] See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 384 (1985). Thus, when a federal court is asked to give res judicata effect to a state court judgment, the federal court must apply the law of the state where the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action. See 28 U.S.C. § 1738; Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); Reithmiller v. Blue Cross & Blue Shield of Mich., 824 F.2d 510, 511 n. 1 (6th Cir.1987). We therefore look to Ohio preclusion law to determine the effect of the earlier state court judgment against plaintiffs. See Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 661 (6th Cir.1990).
 
 Ohio courts have explained:
 
 18
 The doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.
 
 
 19
 Norwood v. McDonald, 52 N.E.2d 67, 71 (Ohio 1943), overruled in part by Grava v. Parkman Township, 653 N.E.2d 226, 229 (Ohio 1995). The Ohio Supreme Court has held that a party is precluded from litigating all claims which were or could have been litigated in the first lawsuit. See, e.g., National Amusements, Inc. v. City of Springdale, 558 N.E.2d 1178, 1180 (Ohio 1990), cited in Stuhlreyer v. Armco, Inc., 12 F.3d 75, 77 (6th Cir.1993). "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava, 653 N.E.2d at 229. Thus, res judicata in Ohio has four elements:
 
 
 20
 1. A prior final valid decision on the merits by a court of competent jurisdiction;
 
 
 21
 2. A second action involving the same parties, or their privies, as the first;
 
 
 22
 3. A second action raising claims which were or could have been litigated in the first action; and
 
 
 23
 4. A second action arising out of the transaction or occurrence that was the subject matter of the previous action.
 
 
 24
 CMIC contends that all of the elements of res judicata have been met in this case. The magistrate judge determined that the state court's judgment was not a decision on the merits. We disagree.
 
 
 25
 First, there is no dispute that this action involves the same parties as the state action. Similarly, there is no dispute that this federal action arises out of the same occurrence as the state action, namely CMIC's revocation of plaintiffs' insurance coverage and its denial of benefits. In their state action, plaintiffs alleged that CMIC had improperly rescinded their health insurance benefits. They sought to recover benefits which had been denied and a determination that their coverage was revoked improperly. In their federal action, they make the same allegations and seek the same recovery but in the form of an ERISA cause of action as opposed to state causes of action. Regardless of the legal theories asserted, the actions share a "common nucleus of operative facts." See id.
 
 
 26
 Additionally, plaintiffs could have brought the ERISA action in state court. ERISA expressly provides that state courts have the power to adjudicate actions by a beneficiary to enforce his rights to recover benefits under an ERISA plan. See 29 U.S.C. § 1132(e)(1); Reithmiller, 824 F.2d at 512. Additionally, the Ohio Supreme Court has held that the court of common pleas has jurisdiction to consider actions to recover benefits brought pursuant to § 1132(a)(1)(B). See Richland Hosp. v. Ralyon, 516 N.E.2d 1236, 1239 (Ohio 1987).
 
 
 27
 Plaintiffs do not allege in their federal complaint the specific ERISA section pursuant to which they assert their cause of action. However, they seek to recover benefits, which is clearly an action pursuant to § 1132(a)(1)(B). They also seek a determination that CMIC improperly rescinded their policy. No ERISA provision directly addresses such a claim, but it can be construed as an action to enforce rights under a plan. We therefore conclude that plaintiffs' ERISA action is pursuant to § 1132(a)(1)(B) and that their ERISA claim could have been brought and litigated in their earlier state court action.
 
 
 28
 This leaves the first element of Ohio's res judicata doctrine to be considered. First, there is no dispute that the prior state court judgment was final. Furthermore, the court of common pleas was competent to consider the state law claims and the ERISA claims. See Richland Hosp., 516 N.E.2d at 1239. Finally, the state court's judgment was "on the merits." In Ohio, summary judgment terminates a party's action on the merits and a subsequent filing of an action decided on summary judgment is prohibited by the doctrine of res judicata. See A-1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing, Inc., 647 N.E.2d 222, 224 (Ohio Ct.App.1994). The state court did not state the basis of its grant of summary judgment to CMIC, but we note that it was not required to do so. See OHIO R.CIV.P. 52. Additionally, Ohio's rules of civil procedure provide that a dismissal of an action operates as an adjudication upon the merits unless the court otherwise specifies. See OHIO R.CIV.P. 41(B)(3). The state court did not state that its action was not upon the merits. We therefore find that the state court's judgment was "on the merits." Thus, all of the elements of Ohio's doctrine of res judicata have been satisfied in this case, and plaintiffs' federal action is precluded by the prior state court judgment against them.[3]
 
 III. Conclusion
 
 29
 For the foregoing reasons, we REVERSE.
 
 
 
 [1]
 Pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73(b), the parties consented to the jurisdiction of a U.S. Magistrate. The parties further consented under 28 U.S.C. § 636(c)(3) and FED.R.CIV.P. 73(c), that appeal would lie directly to the Court of Appeals for the Sixth Circuit
 
 
 [2]
 Section 1738 provides in pertinent part:
 "The records and judicial proceedings of any court of any such State ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State ... from which they are taken.
 28 U.S.C. § 1738.
 
 
 [3]
 Because we decide this case on res judicata grounds, we need not consider CMIC's other assignments of error